### WILLIAM HOFF v. CATHERINE HOFF.

### CATHERINE HOFF v. WILLIAM HOFF.

*Divorce—Dismissal of cross-bills.*

On bill and cross-bill seeking divorce, if it is found that both parties are guilty of conduct which constitutes a statutory cause for divorce, both bills should be dismissed.

When on bill and cross-bill the circuit judge found both cases made out, and awarded a divorce to both parties, and one party only appealed, *held* that as the divorce in favor of the party appealing could not now be disturbed, the other ought not to be if it was supported by such evidence as would have warranted it in the absence of recrimination.

Award of alimony changed on the special facts.

Appeal from Van Buren.  Submitted April 18.  Decided April 25.

DIVORCE.  Bill and cross-bill.  Catherine Hoff appeals. Decree modified.

*Annable & Fitch* for complainant.

*Mills & Crane* for defendant appellant.

COOLEY, J. Complainant filed his bill for a divorce from the bonds of matrimony for the cause of extreme cruelty. The defendant, with an answer denying the cruelty, filed a cross-bill charging the husband with extreme cruelty, and praying a divorce therefor. The circuit judge found both cases made out; awarded a divorce on each bill, and gave the wife $800 for alimony. The wife has appealed.

When the circuit judge reached the conclusion that each party had been guilty of such conduct as under the statute was cause for divorce, he should have dismissed both bills and left the parties where their misbehavior had placed them. A proper administration of justice does not require that courts shall occupy their time and the time of people who are so unfortunate as to be witnesses to the misdoings of others in giving equitable relief to parties who have no equities. And it is as true of divorce cases as of any others that a party must come into a court of equity with clean hands. Divorce laws are made to give relief to the innocent, not to the guilty.

But as the case now presents itself in this court we cannot do with it what the circuit judge might and should have done. The wife alone has appealed, and according to the settled practice of the court we cannot, without appeal by the husband, modify the decree to her prejudice. *Proctor v. Robinson* 35 Mich. 284; *Match v. Hunt* 38 Mich. 1; *Heath v. Waters* 40 Mich. 457. The decree awarding her a divorce on her cross-bill must therefore stand, and the allowance for alimony must also stand to the extent made below.

What we can consider is, whether the husband's divorce on the original bill shall stand also. A review of the evidence satisfies us that the most serious misbehavior proved was not on his part, and that the proofs establishing it, unconnected with the recrimination which was set up, would fairly entitle him to a divorce. And we are also of opinion

that as the circuit court gave effect to the recrimination by making an original and independent case of it, and awarded to the woman a divorce upon it, it should now be considered, for the purpose of disposing of the appeal, as eliminated from the case. The decree for a divorce in his favor will therefore be allowed to stand.

The question of the sufficiency of the alimony is also an open question here. As it is settled by the decree in her favor that she had cause for a divorce, the right to reasonable alimony is settled also. But alimony may be larger or smaller according to the behavior of the parties, and this case is not one in which the sympathy is enlisted for either party. The husband is a farmer, having real estate which we estimate at $3000; his personal estate is proportionate to this small domain, and he owes some debts. The allowance of $800 to the woman seems to us rather small, and it will be increased to $1200. But we make no allowance to her for expenses on the appeal. The husband must also make equal division with her of the household furniture. The details of the decree will be settled on drafts being submitted.

CAMPBELL and MARSTON, JJ. concurred.