STIEHR *v.* STIEHR.

DIVORCE—GROUNDS—RECRIMINATION.

  Where it appears that a woman, applying for divorce on the
  grounds of extreme cruelty, has been guilty of marital infi-
  delity; she will be denied relief, though defendant lived with
  her after he believed, with good reason, that he had been
  wronged.

Appeal from Macomb; Tucker, J.  Submitted April 18,
1906.  (Docket No. 94.)  Decided July 23, 1906.

Bill by Edna Stiehr against Richard Stiehr for a divorce.
From a decree for complainant, defendant appeals.  Re-
versed, and bill dismissed.

*William T. Hosner*, for complainant.

*James H. Lynch*, for defendant.

OSTRANDER, J.  Complainant, in her bill for divorce,
charged her husband with extreme cruelty.  The answer
of the husband denies, or sets out excuse and reason for
the conduct complained about, the most important allega-
tion therein charging the complainant with improper con-
duct with a male person named, and with having occupied,
with that person, a room at a hotel in Oxford on the
night of August 1, 1903.  Defendant does not, however,
ask for a divorce.  The court found the material facts
alleged in the bill to be true, entered a decree dissolving
the marriage, and awarded complainant, as permanent
alimony, the household furniture and utensils.  Defend-
ant appeals.

Counsel for defendant says in his brief:

"That they [the parties] can live together in peace, I
do not believe; but I must dissent from the conclusion
that because of that they should be divorced."

It is contended that the testimony clearly establishes the misconduct of the wife, and that for that reason, and because of the weakness of complainant's case, the bill should have been dismissed. It would profit no one to set out the testimony. It leaves the impression that complainant is guilty of the act of infidelity charged to her. On the other hand, although the defendant believed, or strongly suspected, on the day following the act charged, that he had been wronged, and though upon questioning his wife she told him, as he testifies, that "it was none of his damned business," he took the man in question back to work for and live with him, because, as he says, he needed help and could get no one else; and the parties lived together until August 13, 1903, when they separated. There is evidence of conduct of defendant likely to estrange his wife. On the whole, I am impressed that neither party deserves particular consideration at the hands of the court; neither has affection for the other, and, upon a balancing of the account of marital conduct, the remainder, either way, would be insignificant. The question presented is one of greater public than of private importance. We should, I think, apply the familiar rule that where it appears that complainant has been guilty of marital offenses of an enormity equal to or greater than those charged against the defendant, relief will be denied.

The decree is reversed, and the bill dismissed. No costs are awarded.

Carpenter, C. J., and Montgomery, Hooker, and Moore, JJ., concurred.