KELLOGG v. KELLOGG.

1. DIVORCE—EXTREME CRUELTY—CLEAN HANDS—EQUITY.
   A decree of divorce will be denied to both complainant and defendant who have been guilty of the same misconduct, *i. e.*, extreme cruelty. 3 Comp. Laws, § [8625.

2. SAME—MAXIMS.
   Complainant or cross-complainant in divorce proceedings must come into equity with clean hands.

Appeal from Wayne; Donovan, J. Submitted June 11, 1912. (Docket No. 73.) Decided July 22, 1912.

Bill by Vivian A. Kellogg against Frank J. Kellogg for divorce. From a decree for complainant, both parties appeal, complainant asking for increased alimony. Reversed; bill and cross-bill dismissed.

*Frazer, Griswold & Slyfield,* for complainant.

*Dwight C. Rexford,* for defendant.

STONE, J. On February 2, 1911, the complainant and cross-defendant filed her bill of complaint against the defendant and cross-complainant praying for an absolute divorce from the bonds of matrimony, and for alimony, alleging as ground therefor repeated acts of extreme cruelty of the defendant, consisting of personal violence and permanent physical injuries, false charges of improper conduct with men, attempts to take the life of complainant, refusing and refraining from speaking to her for several days at a time, insane jealousy, the use of obscene and opprobrious epithets and names, orders to leave the house of defendant, quarrelsome, abusive, and tyrannical conduct towards complainant, and violent outbursts of anger, all of which it was claimed had impaired the general health and nervous system of the complainant;

and numerous specific instances of such alleged cruelty are detailed at great length in the bill of complaint.

The defendant filed his answer in the nature of a cross-bill, asking for a divorce on the ground of extreme cruelty and adultery. The several acts of extreme cruelty charged in the cross-bill are similar in nature and character to those charged by complainant, and also that complainant was dissolute in her habits, and had brought shame and disgrace upon defendant by going out riding with men, visiting saloons, and returning home late in the evening intoxicated, and by entertaining men at their home with wine, in the absence of defendant. Specific instances of such alleged extreme cruelty are set forth in great detail.

The pleadings in this case constitute chapters of accusation, crimination, and recrimination. There is not an act of misconduct charged by the one party that is not denied by the other party. The answers to the bill and cross-bill consist of repeated denials of the charging allegations; the only exception being the admission of defendant that he had been divorced by two former wives.

The case, being at issue, was heard in November and December, 1911, and resulted in a decree for complainant, and a dismissal of the cross-bill, with $25,000 alimony and $4,000 for solicitor's fees and expenses.

At the time of the hearing, the complainant was 28 years of age and the defendant was 68. The marriage of the parties took place June 8 or 9, 1909; defendant's second wife having obtained a divorce from him upon the grounds of extreme cruelty on May 14, 1909. The parties had first met in 1907, and entered into correspondence and became interested in each other while defendant was living with his second wife. It was claimed upon the hearing that defendent had been guilty of subornation of perjury by inducing witnesses to swear falsely against the complainant. This was as strenuously denied. Both parties have appealed to this court; the complainant claiming inadequate alimony, and defendant claiming

that he and not the wife should have been given the decree.

A careful perusal of the pleadings and record, covering nearly 1,000 printed pages, has satisfied us that it is our duty to relieve our reports from the sickening and distressing details of the testimony and claimed facts in this case. It would profit no one to set out the testimony. If a tenth part of the testimony of either party is to be believed, the other party has been guilty of the same misconduct as that charged. Neither party deserves particular consideration at the hands of the court.

The last clause of section 8625, 3 Comp. Laws, provides that:

" No divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against the respondent."

We are of the opinion that this provision of the statute should be applied in this case. As was well said by Justice COOLEY in *Hoff* v. *Hoff*, 48 Mich., at page 282 (12 N. W. 160):

"A proper administration of justice does not require that courts shall occupy their time, and the time of the people who are so unfortunate as to be witnesses to the misdoings of others, in giving equitable relief to parties who have no equities. And it is as true of divorce cases as of any others that a party must come into a court of equity with clean hands. Divorce laws are made to give relief to the innocent, not to the guilty."

In the instant case both parties are complainants, hence the doctrine applies that the complainant in a bill for divorce should be free from fault. Divorce is a remedy for the innocent as against the guilty, and should not be granted where both parties are at fault.

This is no more than the application of the equitable rule that one who invokes the aid of a court must come into it with a clear conscience and clean hands. Divorce is a remedy for the innocent and injured, and the complainant who has himself broken the marriage contract

connot well ask to be relieved from its obligations because his spouse may also have broken it. The law is for the assistance of those who obey it, and not for those who violate it, and, where two parties are both in the same wrong, the court helps neither. 2 Bishop on Marriage and Divorce (5th Ed.), § 87; *Stafford* v. *Stafford*, 53 Mich. 522 (19 N. W. 201); *Warner* v. *Warner*, 54 Mich. 492–495 (20 N. W. 557); *Morrison* v. *Morrison*, 64 Mich. 53 (30 N. W. 903); *Minde* v. *Minde*, 65 Mich. 633 (32 N. W. 868); *Stiehr* v. *Stiehr*, 145 Mich. 297 (108 N. W. 684); *Root* v. *Root*, 164 Mich. 638 (130 N. W. 194, 32 L. R. A. [N. S.] 837, Ann. Cas. 1912B, 740; 14 Cyc. pp. 648–649; 9 Am. & Eng. Enc. Law (2d Ed.), p. 816.

Were we to apply a rule of comparative extreme cruelty, we might grant relief to the one found to be guilty of the lesser misconduct, and find against the one guilty of the greater misconduct, but the statute contemplates no such rule, and is imperative that no divorce shall be granted in any case where the complainant shall be guilty of the same misconduct as that charged against the other party. The facts in this case warrant the application of this statute.

For the reasons stated, the decree below will be reversed, the bill and cross-bill dismissed, and there will be allowed to complainant's counsel the sum of $4,000 for solicitor's fees, expenses, and disbursements in the suit, to be paid by defendant.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.