STURGIS *v.* STURGIS.

DIVORCE—ALIMONY.

 A decree of divorce, on the ground of extreme cruelty, in favor of defendant husband, is affirmed on a consideration of the facts by an evenly divided court.

STEERE, C. J., and MCALVAY, BROOKE, and STONE, JJ., dissenting.

Appeal from Calhoun; North, J. Submitted October 15, 1912. (Docket No. 65.) Decided February 18, 1913.

Bill by Flora R. Sturgis against Joseph Sturgis for divorce. Defendant filed a cross-bill. From a decree

awarding defendant a divorce and adjusting property matters, defendant appeals.    Affirmed.

*J. M. Hatch & Sons*, for complainant.

*Winsor & Miller*, for defendant.

Brooke, J. (*dissenting*).    The decree of divorce in this case marks the wreck of the fifth matrimonial venture of defendant.    His first alliance was severed by death; the last four through the medium of the divorce court. The first wife died in the year 1900, since which time defendant seems to have acquired the habit of marrying women with whom he had, at the time, very little acquaintance, and of whose antecedents he was wholly ignorant.    Having learned after marriage in each case that the union proved unsatisfactory, defendant seems to have experienced as little difficulty in legally ridding himself of his wives as he did in acquiring them.    While he was engaged in eliminating the fourth, the complainant, a widow of 40, moved to sympathy by a harrowing newspaper account of defendant's marital misfortunes, wrote a letter to him, and shortly thereafter followed her letter in person. She went to his home and acted as his housekeeper for some weeks prior to his then pending release.    This propinquity seems to have been sufficient to engage the attention of defendant, and the expiring flame of connubial bliss was again lighted upon the somewhat battered altar of his heart.    This result was doubtless induced, or at least accelerated, by the fact that the complainant represented herself to be a woman of considerable financial substance, and was able, through the possession of a little ready money, to finance the then pending divorce.    That divorce was secured by defendant through the payment by him to wife No. 4 of $200, upon condition that she should not appear and contest the granting of a decree to him.    In that proceeding, defendant was undoubtedly guilty of a fraud upon the court, and complainant not only

had knowledge of that fraud, but actually furnished the money, the payment of which made its perpetration possible.

As a part of the antenuptial arrangement, defendant agreed to deed to complainant 80 acres of his 160-acre farm. This he did a few days after the marriage, which was solemnized but two days after the decree of divorce was signed. As might have been expected from the preliminaries, trouble soon appeared. Complainant rapidly developed a peculiarly aggravated case of jealousy, the symptomatic evidences of which were visited upon defendant in the form of reproaches, criminations, and unreasonable demands. Complainant's attitude was perhaps not wholly inexcusable, when defendant's past record for facile accomplishment with the gentler sex is considered. Naturally, however, defendant was unable to attain the viewpoint of complainant, and the result was inevitable. Verbal assault finally ripened into physical violence. But a single instance of the latter is detailed in the record; each party claiming that the other was the aggressor.

The court below found that complainant had failed to make out a case of extreme cruelty against defendant, but was of opinion that complainant's conduct, in charging defendant with improper conduct in connection with the family of a neighbor, and strenuously insisting that defendant cease all relations with that family, was such as to warrant a decree in favor of defendant upon the ground of extreme cruelty. The decree likewise provided that complainant should retain the 80 acres deeded to her by defendant, charged, as between herself and her husband, with $800 of the mortgage for $2,200; the balance thereof to be a lien on defendant's 80 acres.

Both parties filed claims of appeal. Complainant has evidently abandoned her appeal, as her counsel, in his brief, now asks that the decree be affirmed. She is as anxious to be rid of defendant as he is to be rid of her; and the important fact that she is permitted, by the

decree, to retain the farm is apparently held by her to compensate for the unimportant fact that the decree of divorce runs in defendant's favor rather than in her own. Defendant complains only of that portion of the decree which confirms in complainant the title to one-half of his farm. We agree with the learned circuit judge in holding that complainant failed to make out a case for relief; but we are compelled to disagree with him in his determination that defendant, as cross-complainant, under the proofs in this record, has established his right to a decree against his wife upon the ground of extreme cruelty.

In determining whether a case of extreme cruelty is made out, the ways of life, habits of speech, degree of refinement, and history of character, as disclosed by the record, should be carefully considered. *Kline* v. *Kline*, 50 Mich. 438 (15 N. W. 541). In *Bennett* v. *Bennett*, 24 Mich. 482, this court said:

"Profane, obscene, and insulting language, habitually indulged towards a person of a sensitive nature and refined feelings, may doubtless, in some cases, amount to extreme cruelty, as intimated in *Briggs* v. *Briggs*, 20 Mich. 34. But this, as a general rule, would be more readily recognized, when used by the husband to the wife, than by the wife to the husband.

"In the present case, we see no evidence that complainant was a person of such sensitive nature and refined feelings as would be likely to be affected to the degree of extreme cruelty by any such language as the wife is shown to have used."

Applying these principles to the case at bar, we are not able to say that the acrimonious accusations of complainant, when applied to defendant, were sufficient to constitute "extreme cruelty" within the true meaning of that statutory term, as defined by this court. While the palpable misconduct of the defendant in securing his divorce from wife No. 4 cannot be considered as a basis for denying him relief in this suit, it serves as an illuminating incident which, together with his past history, demonstrates

that he is not a man of such refinement, high character, and blameless life as would be likely to suffer appreciably from the conduct of his wife, even if (in this instance) her strictures upon his conduct were without warrant.

Both the bill of complaint and the cross-bill should be dismissed.

STEERE, C. J., and McALVAY and STONE, JJ., concurred with BROOKE, J.

OSTRANDER, J. The printed record contains no evidence that complainant appeals from the decree. But one claim of appeal appears, and that is filed by defendant. In the brief, complainant asks that the decree be affirmed. In defendant's brief, it is said that the relief desired is a modification of the decree, which will restore to him 80 acres of land which, after the marriage, he conveyed to complainant. It appears, therefore, that neither party attacks the decree for a divorce. This being so, I am of opinion that this court should decline to examine into, modify, or change the decree for divorce. It should be affirmed. *Hoff* v. *Hoff*, 48 Mich. 281 (12 N. W. 160).

Without discussing the question (not raised by counsel) of the jurisdiction of the court in a divorce proceeding, upon the prayer of the defendant husband in his cross-bill, to set aside a conveyance of land made by him to his wife after the marriage, we decline to disturb the decree below, which refused the relief. The complainant wife asked for alimony. The court below inquired about the property of the parties, apportioned the mortgage debt upon the lands between them, held a lease of the land in question, to defendant, to be valid, confirmed defendant's right to certain personal property, returned to defendant, in the form of a credit, the temporary alimony which he had paid to complainant, and refused costs to either party. None of these provisions are complained about, except the one refusing to set aside the conveyance. Assuming that the court had the power to set

aside and cancel the conveyance, I am not convinced that it ought to have done so, or that the provisions concerning property should be disturbed.

The decree will be affirmed; complainant and appellee to recover from defendant her costs of this appeal.

MOORE, KUHN, and BIRD, JJ., concurred with OSTRANDER, J.