### HATFIELD v. HATFIELD.

1. DIVORCE—EQUITY—CLEAN HANDS.
    Where, in divorce proceedings instituted by the wife, it appears that she does not come into court with clean hands, but is guilty of the same misconduct with which she charges defendant, the decree of the court below dismissing the bill will be affirmed.

2. SAME—PUBLIC POLICY.
    Divorce is not justified on the ground of public policy.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 14, 1921. (Docket No. 51.) Decided March 30, 1921.

Bill by Bertha M. Hatfield against George B. Hatfield for a divorce. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Alfred S. Frost,* for plaintiff.
*John W. Adams,* for defendant.

WIEST, J. Plaintiff filed a bill for divorce in the

Kalamazoo circuit court charging defendant with extreme cruelty, consisting of personal violence, abusive conduct, foul language and indecent actions. Defendant denied the charges. The learned circuit judge after a full hearing found plaintiff guilty of the same misconduct she had charged against defendant and dismissed the bill. The case is brought here on appeal by plaintiff.

We have considered the case *de novo* and we are led to the conclusion reached by the circuit judge. A discussion of the testimony would be of benefit to no one. Counsel for plaintiff urges that:

"The testimony in this case fully establishes the fact that these parties can never again live together as husband and wife, and, while it is true that formerly this court has held that one seeking the aid of a court in chancery must come with clean hands, and, if not, the court will decline to act, leaving the parties where it finds them; that rule, as applied to divorce, means that it is a remedy only for the innocent and injured party, and if the evidence discloses that both have shown ground for divorce, neither is entitled to it. This rule of law has been modified by the courts to some extent. On the ground of public policy, or the peculiar exigencies of the special case under consideration, the rule of comparative rectitude or turpitude has been adopted; and where the court is fully satisfied that, on account of differences between the parties, the home has been completely destroyed, and where there is no hope of any reconciliation between the parties, a decree will be granted, if the testimony shows such acts upon the part of the defendant as would justify the plaintiff in obtaining a dissolution of their marriage."

In support of this counsel cites *Weiss* v. *Weiss*, 174 Mich. 431, and asks us to hold that, if both parties are more or less to blame for their domestic unhappiness the court should take into consideration what is for the best interests, not only of the parties themselves,

213—Mich.—24.

but of the children. Neither party appears to be possessed of much refinement. The decision in *Weiss* v. *Weiss* seems to be misapprehended by counsel. In that case neither party appealed from the decree granting a divorce, and this court, while re-affirming the rule that a party asking relief must come into court with clean hands, did no more than to make observation of a growing tendency to relax the rule, but in no way approved of the same.

In the later case of *Cowdrey* v. *Cowdrey*, 211 Mich. 305, we held that a divorce is not justified on the ground of public policy. The governing rule is stated in *Kellogg* v. *Kellogg*, 171 Mich. 518.

The decree of the circuit court is affirmed, but without costs.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.