### RADZINSKI v. RADZINSKI.

1. DIVORCE—WHERE BOTH PARTIES GUILTY OF CRUELTY NEITHER ENTITLED TO RELIEF.

   Under 3 Comp. Laws 1915, § 11401, where, in a suit for divorce, the charges of cruelty in both bill and cross-bill are established by the proofs, neither party is entitled to any relief in a court of equity; the court refusing to apply a rule of comparative extreme cruelty.[1]

2. SAME—WITNESSES—CHILDREN OF PARTIES.

   Complaint of plaintiff's counsel that the court below refused to permit the children of the parties to testify is without merit, where there was no such refusal but the court spoke forcibly as to the propriety of such procedure, and thereafter counsel agreed that a statement of what they would testify to might be, and was, admitted.[2]

3. SAME—CHILDREN OF PARTIES SHOULD NOT BE CALLED.

   Although the best interests of the family demand that the children of the parties in divorce suit should not be called as witnesses, if counsel insist on calling them there is no statute or rule of law which will warrant the court in excluding their testimony.[3]

---

[1]Divorce, 19 C. J. § 221; [2]Id., 19 C. J. § 346; [3]Id., 19 C. J. § 346.

Appeal from Wayne; Codd (George P.), J.     Submitted January 5, 1926.     (Docket No. 12.)     Decided March 20, 1926.

Bill by Angeline B. Radzinski against Alfred J. Radzinski for a divorce.     Defendant filed a cross-bill for a divorce.     From a decree dismissing the bill and cross-bill, plaintiff appeals.     Affirmed.

*Collins & Thompson* (*William Van Dyke,* of counsel), for plaintiff.

*Ernest P. La Joie,* for defendant.

SHARPE, J.     The plaintiff and defendant were married in 1901, and lived together until December, 1922.     In the bill for divorce, filed by her herein, she alleges repeated acts of extreme cruelty on his part. In his answer defendant denies such allegations, and by cross-bill charges extreme cruelty on her part, and prays that a divorce be granted to him.     The trial court concluded that both of the parties were at fault, and dismissed the bill and cross-bill.     Plaintiff appeals.

In *Kellogg* v. *Kellogg,* 171 Mich. 518, this court, speaking through Mr. Justice STONE, emphasized the salutary rule theretofore laid down in *Hoff* v. *Hoff,* 48 Mich. 281, that, where the charges of cruelty in both bill and cross-bill are established by the proofs, neither party is entitled to any relief in a court of equity. He quoted the statute (3 Comp. Laws 1897, § 8625 [3 Comp. Laws 1915, § 11401]), and said that this court would not "apply a rule of comparative extreme cruelty" in construing it.     There was a similar holding in *Cowdrey* v. *Cowdrey,* 211 Mich. 305, in *Hatfield* v. *Hatfield,* 213 Mich. 368, and in *Legatski* v. *Legatski,* 230 Mich. 186.     It will serve no useful purpose to review the evidence.     In our opinion, the trial court

was clearly right in denying relief to plaintiff on the record as made.

Plaintiff's counsel complain of the action of the court in refusing to permit the children of the parties to be sworn in rebuttal.    There was no such refusal. The trial judge expressed himself very forcibly as to the propriety of calling the children as witnesses in such cases.    After some discussion, counsel for the defendant expressed his willingness to admit that the children would testify as counsel for the plaintiff might state.    A statement was thereupon made.    If we treat the part of it which would have been admissible as proof in rebuttal as though it had been testified to, we are of the opinion that it would have been but corroborative of plaintiff's testimony, and would not have affected the result reached.    This court can but suggest to counsel, as did the trial court, that the best interests of the family demand that the children of the parties should not be called as witnesses in divorce cases.    If, however, counsel insist on calling them, there is no statute or rule of law which will warrant the court in excluding their testimony. *Ames v. Ames,* 231 Mich. 347.

The decree is affirmed.    No costs are allowed.

BIRD, C. J., and STEERE, FELLOWS, and McDONALD, JJ., concurred with SHARPE, J.

WIEST, J. (*concurring*).    I concur in the result. I do not join in frowning upon the right of either parent to call children as witnesses.    In this case the daughter was a law student 20 years of age and the son was 16.

SNOW and CLARK, JJ., concurred with WIEST, J.