McVEY v. McVEY.

DIVORCE—EXTREME CRUELTY—EVIDENCE.
   Decree denying relief on either bill or cross-bill for divorce on ground of extreme cruelty between parties who had remarried after previous divorce *held*, proper under record presented.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 13, 1935. (Docket No. 24, Calendar No. 38,385.) Decided September 9, 1935. Rehearing denied October 30, 1935.

Bill by Donald F. McVey against Florence J. McVey for divorce on grounds of extreme cruelty. Cross-bill by defendant on same grounds. From decree dismissing bill and cross-bill, defendant appeals. Affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*Stanley E. Beattie,* for defendant.

EDWARD M. SHARPE, J. The plaintiff and defendant were married in 1923; as a result of this marriage three children were born, all of whom are now living. In November, 1932, the defendant in the present suit secured a divorce from plaintiff together with custody of the children. The cause of the divorce granted in 1932 was the husband's extreme and repeated cruelty. The parties remarried February 10, 1934, in the city of Detroit, where they remained three days when the plaintiff in the instant case went west owing to the illness of his mother. By agreement they met again in the Stevens Hotel in Chicago on February 24, 1934, where they were joined by friends and all proceeded to celebrate the second marriage, during which time intoxicating liquors were consumed. It would serve no useful purpose to review the evidence of what occurred during their stay at the hotel. On the following Monday, plaintiff and defendant left for Muskegon where they remained until Wednesday when the defendant left for Detroit and never again resumed the marriage relation with plaintiff.

June 1, 1934, plaintiff filed a bill for divorce in Muskegon county. The defendant appeared, answered and filed a cross-bill in which she seeks absolute divorce, alimony and custody of the children.

The cause was heard September 14, 1934, and on October 6, 1934, the trial judge filed an opinion denying relief to both parties, from which order defendant appeals.

We have examined the record carefully and in our opinion agree with the trial judge in his statement that the proofs submitted are of such a character that neither party is entitled to a divorce.

In *Kellogg* v. *Kellogg,* 171 Mich. 518, we said:

"Divorce is a remedy for the innocent and injured, and the complainant who has himself broken the marriage contract cannot well ask to be relieved from its obligations because his spouse may also have broken it. The law is for the assistance of those who obey it, and not for those who violate it, and, where two parties are both in the same wrong, the court helps neither."

See, also, *Cowdrey* v. *Cowdrey,* 211 Mich. 305; *Hatfield* v. *Hatfield,* 213 Mich. 368; *Legatski* v. *Legatski,* 230 Mich. 186.

The decree is affirmed; no costs are allowed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.