HANSEN *v.* HANSEN.

1. Divorce—Extreme Cruelty.
   In suit for divorce on ground of extreme cruelty, plaintiff husband *held*, not entitled to decree where wife's jealous and suspicious disposition of which he complains was provoked by his manifest interest in his former landlady (3 Comp. Laws 1929, § 12732).

2. Equity—Clean Hands.
   A party must come into a court of equity with clean hands.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 28, 1937. (Docket No. 137, Calendar No. 39,085.) Decided September 1, 1937.

Bill by Edward R. Hansen against Adela M. Hansen for an absolute divorce on grounds of extreme cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*Robert T. Speed,* for plaintiff.

*Ralph S. Moore,* for defendant.

North, J. Plaintiff, Edward R. Hansen, filed bill for divorce against defendant, Adela M. Hansen, alleging extreme and repeated cruelty. Defendant filed an answer. After hearing decree was entered dismissing plaintiff's bill of complaint. Plaintiff appeals.

The parties were married on November 24, 1915, and lived together until 1921 or 1922 when they be-

came separated and the defendant filed a bill for divorce. Shortly thereafter they became reconciled and resumed marital relations, living together in apparent harmony for more than ten years. A child was born to them on April 12, 1924. In the latter part of 1933 plaintiff's work took him to Lansing for approximately six months. During this period defendant testified she noted a change in her husband's attitude toward her, and their domestic relations became strained as the result of a friendship which developed between plaintiff and the landlady with whom he resided while at Lansing. Plaintiff returned to Detroit and a year later his former landlady also moved to Detroit and plaintiff continued his association with her. While there is no proof of any serious misconduct between these parties, it seems clear from the record that defendant's jealous and suspicious disposition, of which plaintiff complains, was provoked by her husband's manifest interest in his former landlady.

We do not deem it necessary to elaborate on the specific acts of cruelty with which the parties charge each other, and of which there is proof. Even though we were to hold that plaintiff has established his charges of extreme and repeated cruelty, the record shows he was guilty of similar misconduct, and under the circumstances is not entitled to a decree of divorce.

"And no divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against respondent." 3 Comp. Laws 1929, § 12732.

"A proper administration of justice does not require that courts shall occupy their time and the time of people who are so unfortunate as to be witnesses to the misdoings of others in giving equitable

relief to parties who have no equities. And it is as true of divorce cases as of any others that a party must come into a court of equity with clean hands. Divorce laws are made to give relief to the innocent, not to the guilty." *Hoff* v. *Hoff,* 48 Mich. 281.

See, also, *Radzinski* v. *Radzinski,* 234 Mich. 144.

Decree dismissing plaintiff's bill is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.