BLY *v.* BLY.

1. DIVORCE—APPEAL—FINDINGS OF TRIAL COURT.

While the Supreme Court is not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and they will not be reversed unless the Supreme Court is convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances.

2. SAME—ALIMONY—DECREE—EVIDENCE.

In wife's suit for divorce on the ground of cruelty in which decree was granted defendant husband on his cross bill for divorce on the same ground, evidence presented in record *held,* not to afford a reason for disturbing decree for de-

fendant or $500 award in lieu of dower and alimony where defendant in course of two-year marriage to plaintiff had paid plaintiff $800 and decree awarded her a car which had cost defendant $650 and required him to pay bills for plaintiff amounting to $158.23 and a $75 attorney fee.

3. SAME—AWARD IN LIEU OF DOWER—ALIMONY—DISCRETION OF COURT.

The amount to be awarded in lieu of dower and for alimony rests largely in the discretion of the trial court and only where there is a manifest abuse thereof will the award be interfered with on appeal.

4. SAME—COSTS.

No costs are awarded either party in divorce case where wife took appeal and decree was affirmed.

SHARPE, J., dissenting.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted January 8, 1942. (Docket No. 61, Calendar No. 41,868.) Decided March 17, 1942.

Bill by Celia Bly against John Bly for a divorce for extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Octavio Perez Guerra,* for plaintiff.

*Maurice F. Paterson* (*Leonard J. Paterson,* of counsel), for defendant.

BUSHNELL, J. The parties hereto were married in 1934, after an acquaintance of about 40 years. Each party had been previously married and divorced. Plaintiff Celia Bly had three children by one of her former marriages but no children were born as a result of her marriage to defendant John Bly. The parties lived on a farm in Sanilac county and were both hard working people. Difficulties arose between them, the details of which need not

be related here. The wife filed a bill of complaint asking for a divorce on the ground of cruelty and the husband filed a cross bill seeking a divorce on the same ground.

The trial judge in a written opinion referred to the former matrimonial experiences of the parties and commented upon the redeeming feature that there are no small children to reap the aftermath of the union. The testimony was in hopeless conflict and the trial judge commented that he was not impressed with the truth of some of it. He dismissed plaintiff's bill of complaint and awarded a decree of divorce to the defendant.

Plaintiff contends on appeal that defendant and cross plaintiff did not meet the burden of proof, and that the decree which awarded plaintiff the sum of $500 in lieu of dower rights and alimony was unjust and inequitable. The decree referred to the sum of $600 which the defendant had paid to plaintiff during the pendency of the cause, and another sum of $200 which had been applied on the purchase of a home for plaintiff's son. A relatively new Pontiac car, on which the defendant had paid the equivalent of $650, was awarded to plaintiff. The decree also required defendant to pay an outstanding bill incurred by plaintiff for clothing and other items amounting to $81.23, a medical bill of $77, and an attorney fee of $75.

In *Chubb* v. *Chubb,* 297 Mich. 501, 506, the court said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have

reached a different conclusion had it occupied the position of the lower court, under like circumstances.'' See authorities cited therein.

In the instant case we find no reason for disturbing the determination of the trial judge either as to which party should have the decree of divorce or the award of alimony and property settlement. The amount to be awarded in lieu of dower and for alimony rests largely in the discretion of the trial court, and it is only where there is a manifest abuse of that discretion that the award will be interfered with on appeal. *Tyson* v. *Tyson,* 283 Mich. 192. There is no manifest abuse of discretion in the instant case.

We are mindful that the parties should come into equity with clean hands and, like the trial judge, we are not impressed by some of the testimony. However, we cannot say that we must have reached a different conclusion if we had had the opportunity to see and hear the witnesses.

The decree is affirmed but without costs to either party.

CHANDLER, C. J., and BOYLES, NORTH, STARR, and BUTZEL, JJ., concurred with BUSHNELL, J.

SHARPE, J. (*dissenting*). I am not in accord with the opinion of Mr. Justice BUSHNELL.

This is the third matrimonial venture for plaintiff and the second for defendant. The parties have been acquainted with each other for a long time. For two years prior to this marriage, plaintiff was employed as defendant's housekeeper. During this period the parties had ample opportunity to know one another better. It must be presumed that this relationship of employer and employee created a desire in the breasts of each of the *warring parties* for a closer re-

lationship. But, alas, the consummation of the marriage did not change the character of the parties who entered into it; and soon the habits of a lifetime, one of stinginess and brutality, and the other bordering on submorality, came into serious conflict.

It would not profit the profession to relate in detail the claims of each of the parties. It is sufficient to say that, if only a part of such claims is true, the parties should not be divorced. Courts should not encourage such marital experiments by granting divorces.

The rule to be applied in this case is found in *Hansen* v. *Hansen,* 281 Mich. 182, where we said:

" 'A proper administration of justice does not require that courts shall occupy their time and the time of people who are so unfortunate as to be witnesses to the misdoings of others in giving equitable relief to parties who have no equities. And it is as true of divorce cases as of any others that a party must come into a court of equity with clean hands. Divorce laws are made to give relief to the innocent, not to the guilty.' *Hoff* v. *Hoff,* 48 Mich. 281."

The decree of the trial court should be reversed and an order should be entered dismissing the bill of complaint and cross bill. Neither party should recover costs.

W<small>IEST</small>, J., did not sit