### CZYZEWSKI v. CZYZEWSKI.

1. DIVORCE—EVIDENCE—MISCONDUCT OF PLAINTIFF.
   Plaintiff husband was not entitled to decree of divorce where record, reviewed *de novo* by Supreme Court, discloses that he was guilty of unfaithfulness and misconduct.

2. SAME—REMARRIAGE—SETTING ASIDE PRO CONFESSO DECREE.
   Fact that husband married another person after entry of a *pro confesso* decree that was subsequently vacated would not, of itself, entitle him to a decree.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 8, 1943. (Docket No. 80, Calendar No. 42,254.) Decided February 23, 1943.

Bill by Edward J. Czyzewski against Genevieve Czyzewski for divorce. Decree for plaintiff. Defendant appeals. Reversed and decree vacated.

*Samuel H. Rubin* and *Louis R. Harrington,* for defendant and appellant.

BUSHNELL, J.   This is an appeal. by Genevieve Czyzewski from a decree of divorce granted to her husband, Edward J. Czyzewski.   The parties were married on June 19, 1937, and a daughter was born to them on August 25, 1941.   On October 7, 1941, the husband filed a bill of complaint seeking a decree of divorce, and the wife was served, but did not enter an appearance or file an answer.   A *pro confesso* decree was entered on January 13, 1942.   Upon petition of the husband, an order was entered on May 4, 1942, setting aside this decree because of certain irregularities, and the wife was permitted to file an answer.   In this answer defendant claimed that the parties had cohabited together while the case was pending, and in denying the allegations in plaintiff's bill she asserted that "in reality it was the plaintiff who was faithless and cruel."

Plaintiff testified at the second hearing that in March of 1942, after entry of the *pro confesso* decree, he married another woman.   After hearing testimony in support of charges and counter-charges of cruelty and unfaithfulness, the trial judge filed a written opinion in which he stated that the testimony would support the granting of a decree to the wife if she had filed a cross bill; and that, if plaintiff had not married another person since the original decree was entered, he certainly would not grant him a decree upon the testimony in this record.   Notwithstanding these and other like observations, plaintiff was granted a decree of divorce and ordered to make payments of $8 per week for the support of his child, and pay an additional $10 per week for a period of three years as alimony.   A division

of certain personal property was ordered and provision made for dower and attorney fees.

In reviewing the testimony *de novo,* we are not persuaded that plaintiff submitted proofs entitling him to a decree of divorce. On the contrary, the testimony shows that he was guilty of unfaithfulness and misconduct. As said in *Stiehr* v. *Stiehr,* 145 Mich. 297:

"It would profit no one to set out the testimony. * * * where it appears that complainant has been guilty of marital offenses of an enormity equal to or greater than those charged against the defendant, relief will be denied."

The fact that the husband married another person after the entry of a *pro confesso* decree that was subsequently vacated would not, of itself, entitle him to a divorce.

The decree is vacated, with costs to appellant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.