LIEBERWITZ *v.* LIEBERWITZ.

1. DIVORCE—DE NOVO REVIEW—FINDINGS OF TRIAL COURT.

A divorce case is heard *de novo* on appeal, especial consideration being given to the findings of the circuit court based upon the credibility of the witnesses, and while the reviewing court ought not to reverse the determination of the trial court in such a case unless convinced it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances, the reviewing court is not restricted by the lower court's findings and is not relieved from the duty of exercising its own judgment in passing upon the evidence.

2. SAME—EXTREME CRUELTY—EVIDENCE.

In husband's suit for divorce upon ground of extreme cruelty in that defendant refused to have sexual intercourse with him, acts of plaintiff himself *held*, to have had much to do with the severance of family relations where it appears that his relations with another woman, though not shown to have been immoral, were such as would be disturbing to the peace and tranquillity of the wife, hence he was not entitled to divorce.

3. SAME—EXTREME CRUELTY—EVIDENCE—ESTOPPEL.

Where plaintiff husband consented to wife having an illegal abortion, he is in no position to complain thereof in suit against her for divorce based upon extreme cruelty for refusal to have sexual intercourse with him.

Appeal from Wayne; Murphy (George B.), J. Submitted April 5, 1946. (Docket No. 63, Calendar No. 43,242.) Decided June 3, 1946.

Bill by Maxwell D. Lieberwitz against Ida Lieberwitz for a divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Reversed and bill of complaint dismissed.

*Nicholas Salowich,* for plaintiff.

*Harry H. Platt,* for defendant.

SHARPE, J. This is an appeal from a decree granting plaintiff a divorce and custody of the minor child of the parties.

The material facts are that on December 20, 1931, plaintiff and defendant were married at the Temple Beth El in Detroit; that as a result of the marriage one child, Donnie, was born on May 5, 1936; that when the parties were married plaintiff was earning about $25 a week as a shoe salesman and defendant worked as a clerk and earned approximately the same wages; that the parties have lived in a three-room apartment since the birth of their child in 1936; that a housekeeper was employed to attend the housework and help care for the child; that because of the smallness of the apartment and the physical condition of the child, defendant and the maid shared the bedroom while plaintiff and his son slept together. In December 1943, plaintiff was earning approximately $80 per week and early in 1944 began

employment as salesman and manager of a radio store at a smaller salary. Defendant has been employed all of the time since the marriage of the parties, except for a short period when she had her baby. The parties ceased to cohabit as husband and wife in the summer of 1941 although they continued to occupy the same apartment.

The bill of complaint is founded upon extreme cruelty in that defendant refused to have sexual intercourse with him, spurned any efforts he made to show her affection and love, and went to work shortly after the child was born so that she could avoid her household duties, including the rearing and upbringing of the child.

Defendant filed an answer to the bill of complaint in which she claims that the parties lived together until October, 1942, when plaintiff ceased to have anything to do with her because of his infatuation for a Madame X; and that she was compelled to work in order to support herself and child. She denies the allegations of cruelty charged by plaintiff and denies that plaintiff is a fit and proper person to have custody of the minor child of the parties. She asks that plaintiff's bill of complaint be dismissed.

The cause came on for trial and the trial court in an opinion found that the parties ceased to cohabit in the summer of 1941; that subsequent to the summer of 1941 defendant refused to have marital relations with plaintiff; that defendant used vile and insulting language toward plaintiff; that defendant was adverse towards raising a family and upon one occasion after she became pregnant had an abortion performed; that the child likes his father more than he likes his mother; and that the child is intelligent and has become very much attached to his father.

The rule applicable in divorce cases similar to the instant case is well stated in *Chubb* v. *Chubb,* 297 Mich. 501.

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Stratmann* v. *Stratmann,* 287 Mich. 94; *Westgate* v. *Westgate,* 291 Mich. 18."

But the advantage possessed by the trial court does not relieve this court from the duty of exercising its own judgment in passing upon the evidence. *Emery* v. *Emery,* 181 Mich. 146.

Plaintiff bases his charge of cruelty upon the denial of defendant to give him that love and affection that a husband should expect from a wife. His chief complaint is that defendant denied him normal sex relations. The record shows that during the marriage of these parties both plaintiff and defendant were engaged in useful employment except for a short period of time when defendant was having her baby; that after the baby was born plaintiff and defendant did not occupy the same bed; that during the latter part of the year 1943 plaintiff was employed as a shoe salesman; that early in 1944 he changed employment and became the manager of a store owned by Madame X at a salary somewhat less than he received as a shoe salesman; that plaintiff and Madame X opened a joint bank account, went to New York City on business or pleasure or both; and that plaintiff took Madame X and her child together with his own child to a summer resort and remained there ten days, and upon another occasion he took Madame X on a boat trip to Buffalo. The record does not show that plaintiff had any immoral rela-

tions with Madame X, but it would seem quite possible that plaintiff's relations with her would be disturbing to the peace and tranquillity of defendant.

In our opinion the acts of plaintiff had much to do with the severance of family relations. We have carefully considered other claims of plaintiff, among which is that defendant had an abortion. As to this matter we note that plaintiff consented to his wife having this operation performed. He is now in no position to complain of an illegal act which he consented to. In our opinion plaintiff has failed to sustain his claim of cruelty.

The decree of the trial court is reversed and an order will be entered herein dismissing plaintiff's bill of complaint. Defendant may recover costs.

BUTZEL, C. J., and CARR, BOYLES, REID, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.