## McGUIRE *v.* McGUIRE.

DIVORCE—EXTREME CRUELTY—FAULT OF PLAINTIFF—EVIDENCE.

In husband's suit for divorce on the ground of extreme cruelty, evidence justified finding that he was as much or more to blame than wife for the domestic trouble, hence not entitled to relief.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 9, 1947. (Docket No. 51, Calendar No. 43,558.) Decided April 8, 1947.

Bill by Wesley E. McGuire against Laura McGuire for divorce on ground of extreme and repeated cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Maurice F. Cole,* for defendant.

NORTH, J. Wesley E. McGuire in January, 1944, filed a bill for divorce in which he charged that defendant was guilty of extreme and repeated cruelty. Defendant filed an answer denying the charges made against her and prayed dismissal of the bill of complaint. After taking testimony at length in behalf of the respective parties the trial court having given due consideration thereto and to briefs of counsel, entered a decree dismissing the bill of complaint, and plaintiff has appealed.

The parties were married in 1926 and separated in 1943. Five children were born of the marriage, the eldest at the time of filing the bill was 17 years of age and the youngest five. They and their mother have continued to live in the home of the parties since the separation. In brief, the charges of extreme cruelty asserted by plaintiff, are that his wife has an ungovernable temper and without provocation she would "fly into fits of rage," call plaintiff vile and obscene names in presence of the children and of strangers, at times she would strike plaintiff, throw objects at him, that in anger defendant has destroyed household furniture and dishes and that on occasion she has remained away from the home all night without explaining her whereabouts to plaintiff, and has not been frugal in the expenditure of family funds.

There is testimony in the record that plaintiff likewise indulged in similar types of misconduct, and finally plaintiff left the home entirely and was residing elsewhere at the time of the hearing of the case. There is testimony from which it may well be inferred that plaintiff is infatuated with a divorced woman, and the testimony is convincing that on numerous occasions plaintiff said to his young children in the presence of their mother that this divorced woman was to be their "next mother." Notwithstanding all their domestic troubles defendant testified that she still cares for her husband and evidently desires a reestablishment of the home relations. The testimony justifies the conclusion reached by the trial court and the statements contained in his opinion from which we quote the following:

"It is a fair deduction that the married life of the parties was not one of tranquility. While living in Ferndale he (plaintiff) was arrested for assaulting

her (defendant). He was sentenced following a hearing and spent some time in jail. * * * The plaintiff (defendant) was a good mother. She was not guilty of immoral conduct. That she had a temper was evidenced by the testified circumstances and her conduct in court. * * *

"In relation to the marital troubles of the parties the plaintiff was not without fault. The display of temper, the wranglings, the use of profanity and obscenity, the incompatability was mutual. The plaintiff has failed to sustain his charge of immorality or misconduct. He failed to sustain the charge that she was not a good mother. It is a logical deduction that the defendant was a nervous, irritable woman with a quick temper and that the plaintiff assisted in agitation and provocation."

Under the record in this case the trial court was abundantly justified in finding that the plaintiff was as much or more to blame than defendant for the domestic trouble of these parties; and the court's conclusion that plaintiff was not entitled to relief was in full accord with our decisions in *Stiehr* v. *Stiehr,* 145 Mich. 297; *Kellogg* v. *Kellogg,* 171 Mich. 518; *Legatski* v. *Legatski,* 230 Mich. 186; *Radzinski* v. *Radzinski,* 234 Mich. 144; *Vardon* v. *Vardon,* 266 Mich. 341; *McVey* v. *McVey,* 272 Mich. 341.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs of this Court to appellee.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ. concurred.