KANKA v. KANKA.

DIVORCE—EXTREME CRUELTY—EVIDENCE.
  In husband's suit for divorce on ground of extreme cruelty, *de novo* review of the testimony disclosed not only that plaintiff had not sustained the burden of proof, but that he is not entitled to equitable relief because of his own acts.

Appeal from Wayne; Murphy (George B.), J. Submitted April 8, 1947. (Docket No. 4, Calendar No. 43,530.) Decided May 16, 1947.

Bill by Bernard Kanka against Evelyn Kanka for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for an

injunction. Decree for plaintiff. Defendant appeals. Reversed.

*Edwin C. Ide,* for defendant.

BUSHNELL, J. The parties were married on October 20, 1919, and separated on December 24, 1943. Five children born as a result of this union are living, the oldest being 25 years old and the youngest, 17. Plaintiff Bernard Kanka is now 51 years old and defendant Evelyn Kanka, 48.

When the report of the friend of the court was filed the husband was employed, his earnings averaging $94.87 a week, and the wife was employed with an income of $32 a week, $10 of which she received from her brother who rented a room in the home. The parties are purchasing a 5-room home on land contract, on which there was due at the time of trial an unpaid balance of about $1,000, payable at the rate of $25 per month. The equity of the parties in the home was considered to be worth about $5,000.

Plaintiff filed a bill of complaint in which he charged his wife with extreme and repeated cruelty, alleging that she would frequently fly into fits of rage and anger without provocation, abuse him in the presence of the children, refuse to associate with him in social activities, neglect the ordinary and usual household work, and refuse to cook his meals. He claimed that on several occasions she threatened to poison him and persisted in turning the minds of the children against him by falsely charging that he associated with other women. In her answer the wife denied all these charges and insisted that plaintiff was guilty of adultery. She alleged that she had not voluntarily cohabited with him since her discovery of his act of adultery. She also charged her husband with drinking to excess, and

with desertion. Notwithstanding these counter-charges the wife did not seek a decree of divorce, but asked that the husband's bill of complaint be dismissed.

Plaintiff's proofs consisted of his own testimony and that of the husband of plaintiff's sister. The conclusion of this witness was that plaintiff was a "sincere, honest, good fellow."

Defendant's testimony in her own behalf was corroborated by two of her sons. A friend who was a frequent visitor in the home testified favorably regarding the housekeeping ability of the defendant and the manner in which she looked after the needs of her family.

The husband of the other woman was subpoenaed as a witness by the defendant. His testimony, however, did not substantiate defendant's charge of adultery.

The trial judge concluded that plaintiff had made out a case of extreme cruelty. The decree of divorce granted custody of the minor daughter to the wife and awarded $10 a week for her support, provided, however, "she continues in school and makes satisfactory progress." All accrued alimony was cancelled and the home, owned jointly by the parties, with its contents, was awarded to the defendant as her sole and separate property. Plaintiff was ordered to pay an attorney fee of $100 to defendant, $1 in lieu of dower, and any rights that either party may have had in insurance contracts of the other party were extinguished.

The trial judge wandered far afield in his comments on the testimony and we are unable to find support for the conclusion reached in his opinion.

In our review of the testimony *de novo*, we are unable to conclude that plaintiff sustained the burden of proof. Furthermore, because of plaintiff's

own acts, he is not entitled to equitable relief. The situation disclosed by this record is somewhat analogous to that described in *Brewer* v. *Brewer,* 295 Mich. 370, and *Lieberwitz* v. *Lieberwitz,* 314 Mich. 686. What was quoted in the *Brewer Case* from *Cooper* v. *Cooper,* 17 Mich. 205, 210 (97 Am. Dec. 182), is equally applicable here.

" 'The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable.' "

See, also, *Trombley* v. *Trombley,* 313 Mich. 80.

The decree is vacated and one may be entered here dismissing plaintiff's bill of complaint, with costs to appellant, to which may be added the attorney fee and costs allowed by the circuit court.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.