KÁUK v. KAUK.

1. DIVORCE—EXTREME CRUELTY—MISCONDUCT OF COMPLAINING SPOUSE.

In husband's suit for divorce wherein bill charged wife with extravagance, neglect of household duties, hostility toward him, his mother and friends, and having a quarrelsome disposition, upon his testimony that shortly after their first child was born he struck his wife, stayed out practically all night and told her he had been out and had a good time with another woman, bill was properly dismissed.

2. SAME—MARITAL OFFENSES ON. PART OF COMPLAINING SPOUSE.

A decree of divorce will not be granted to a party who has been guilty of marital offenses as great as those charged against his or her spouse.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 8, 1948. (Docket No. 20, Calendar No. 44,070.) Decided September 8, 1948. Rehearing denied November 12, 1948.

Bill by Herbert Kauk against Janice Kauk for divorce on grounds of cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Donald A. Wallace,* for plaintiff.

*Charles Bowles,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am. Jur., Divorce, §§ 233–235, 238.
[1, 2] Recrimination as an absolute or qualified defense in divorce cases, 170 A.L.R. 1076.
[1, 2] Conduct of plaintiff in divorce suit, not of itself a cause for divorce, as basis of defense of recrimination, 159 A.L.R. 1453.
[1, 2] Doctrine of comparative rectitude in divorce cases, 63 A.L.R. 1132; and 159 A.L.R. 734.

DETHMERS, J.  After 13 months of married life the plaintiff husband brought divorce charging his wife with extravagance, neglect of household duties, hostility toward him and his mother and friends, and having a quarrelsome disposition.  When sworn as a witness he admitted that shortly after their first child was born he struck his wife and that he stayed out practically all night and upon his return told his wife he had been out and had a good time with another woman.  Thereupon the trial court refused to hear further corroborative testimony concerning plaintiff's claimed grounds for divorce and dismissed plaintiff's bill of complaint, holding that his conduct was such that he was not entitled to a divorce.  Plaintiff appeals.

We think the record amply supports the finding of the trial court concerning plaintiff's conduct.  We have frequently held that a decree of divorce will not be granted to a party who has been guilty of marital offenses as great as those charged against his or her spouse.  See *Stiehr* v. *Stiehr,* 145 Mich. 297; *Radzinski* v. *Radzinski,* 234 Mich. 144; *McGuire* v. *McGuire,* 317 Mich. 35, and other cases therein cited.

Plaintiff's bill of complaint having been properly dismissed, his other claims of error need not be considered.

Decree affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.