McGORKEY v. McGORKEY.

1. DIVORCE—EXTREME CRUELTY—CONDUCT SUBVERSIVE OF MARITAL RELATION.
   Plaintiff husband *held*, not entitled to decree of divorce on ground of extreme cruelty, where record shows he kept com-. pany with other women, since such conduct is subversive of the marital relation and reprehensible from the public standpoint.

2. SAME—RECONCILIATION—CONDUCT SUBVERSIVE OF MARITAL RELATION.
   The fact that a reconciliation between parties to suit for divorce is improbable furnishes no reason for granting a decree to plaintiff husband who had indulged in a course of conduct subversive of the marital relation.

Appeal from Wayne; Murphy (George B.), J. Submitted April 7, 1953. (Docket No. 14, Calendar No. 45,754.) Decided June 8, 1953.

Bill by Frank McGorkey against Esther McGorkey for divorce on ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*George E. Day,* for plaintiff.

*Leslie T. Jones,* for defendant.

CARR, J. The parties to this case were married in 1937. Thereafter they resided in Rochester, New

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation §§ 233, 236.

York, in the home of defendant's parents, until their separation in 1942. One child, now 12 years of age, was born of the marriage. In 1945 plaintiff brought suit for divorce in Wayne county, Michigan. The following year the parties became reconciled and plaintiff returned to Rochester where he lived with defendant in the home of her parents until the latter part of December, 1947, when, because of differences arising between the parties, he left and thereafter returned to Detroit.

The present suit was instituted in September, 1949. Plaintiff alleged in his bill of complaint that defendant had been guilty of extreme and repeated cruelty toward him in that she had refused to live with him and to accompany him to a home of their own, that she had abused him without reason, and had used profane and improper language in addressing him. Defendant by answer denied plaintiff's charges. Following a hearing in circuit court the trial judge came to the conclusion that plaintiff's proofs entitled him to the relief sought. A decree was entered accordingly, granting plaintiff an absolute divorce and requiring him to pay $20 per week for the support of the minor child, custody of said child being granted to the mother. From such decree defendant has appealed, claiming that under the proofs submitted the plaintiff was not entitled to the relief granted him, and that his bill of complaint should have been dismissed.

On the trial of the case plaintiff testified in substance that defendant was unwilling to leave the home of her parents and live elsewhere with him and the child. There is no showing, however, that plaintiff at any time actually procured for his family a suitable home, other than that of defendant's parents. He further testified that defendant indicated, by her attitude toward him, a lack of affection, that she treated him unkindly, and that she objected to

marital relations. As a witness in her own behalf defendant denied plaintiff's claims, insisting that she had not been guilty of any conduct toward plaintiff that amounted to extreme and repeated cruelty, that plaintiff was responsible for their marital difficulties, and that she had not used improper language in addressing him. Her testimony as to her attitude was materially impeached by a letter written by her in April, 1945, to plaintiff, who was then in Detroit, in which she used obscene and otherwise improper language. It will be noted that the parties were subsequently reconciled and lived together in Rochester for more than a year.

Without reference to other questions in the case it must be said that plaintiff's conduct during the time that he was living separate and apart from defendant is subject to criticism. On the witness stand he admitted that he had sought the company of other women, that he had "gone around with girls," and that he had not restrained himself in the matter of being discreet. He further admitted that at the time of the trial he went to shows and to dances with girls. In the attempt to justify his conduct he asserted that defendant sanctioned his keeping company with other women and had in fact told him to do so. It is a fair inference from the record that any statement of such character on the part of defendant was made in the course of an argument between the parties. In any event defendant's attitude toward plaintiff's conduct, assuming that she acquiesced therein, did not justify his acts. *Berghage* v. *Berghage,* 313 Mich 709, 714. This Court has repeatedly held that a decree of divorce may not properly be granted to one who has deliberately engaged in a course of conduct subversive of the marital relation and reprehensible from the public standpoint. *Czyzewski* v. *Czyzewski,* 304 Mich 402; *Lieberwitz* v. *Lieberwitz,* 314 Mich 686; *Kuhfal* v. *Kuhfal,* 318 Mich 105;

*Kanka* v. *Kanka,* 318 Mich 109.; *Kauk* v. *Kauk,* 322 Mich 291. That a reconciliation is improbable furnishes no reason for granting a decree in the face of the uncontradicted testimony in the record. *Bolthuis* v. *Bolthuis,* 233 Mich 584. Under the evidence in the case plaintiff was not entitled to a divorce.

The decree of the trial court is reversed and a decree will enter here dismissing the bill of complaint, with costs to appellant.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.