### VANDER LAAN v. VANDER LAAN.

DIVORCE—EVIDENCE—SUFFICIENCY—PUBLIC POLICY NOT A STATUTORY GROUND.

    In a suit by a husband for a divorce on the ground of extreme cruelty, where the record shows that both parties are equally guilty in creating a condition of domestic strife and hatred, the court below properly dismissed the bill; public policy not being a statutory ground for divorce.

Appeal from superior court of Grand Rapids; Verdier (Leonard D.), J.   Submitted June 10, 1924. (Docket No. 83.)   Decided July 24, 1924.

Bill by Jacob Vander Laan against Martha Vander Laan for a divorce.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*John M. Dunham* and *Paul E. Cholette,* for plaintiff.

*Dorr Kuizema,* for defendant.

WIEST, J.    This is a suit for divorce on the ground of extreme cruelty.    Defendant made some denial, with counter allegations against plaintiff but asked no affirmative relief.    From a decree dismissing the bill, plaintiff appealed.

The parties are above 50 years of age, were married September 27, 1919, had each been married twice before and both had a little property.    In October, 1920, defendant commenced a proceeding for separate maintenance and later dismissed it and the parties resumed marital relations.    In August, 1921, defendant instigated a proceeding to have plaintiff's sanity investigated and he was taken into custody and found to be sane.    He charged defendant with trying to poison him and would not eat food prepared by her. They quarreled over their money matters, called one another vituperative names and she accused him with being too familiar with his stepdaughter.    In September, 1921, the parties agreed upon a settlement of their property matters and separated.

Their squabbles do not deserve to be detailed.    We are satisfied plaintiff has been as guilty in the creation of their domestic turmoil as defendant.    Through their joint efforts they have established a hatred toward one another which will be gratified, as far as plaintiff is concerned, if he obtains a divorce.    They are both guilty.    It is intimated that, considering the shortness of time the parties lived together, their ages, the condition they find themselves now in and their future hopes and happiness, as well as the interests of the public, require a decree of divorce in this case.    Power to decree a divorce is statutory. Grounds for exercising such power are specifically

stated in the statute.    Public policy is not there given as a ground and cannot be so considered.    *Hatfield* v. *Hatfield*, 213 Mich. 368; *Lewis* v. *Lewis*, 221 Mich. 73.

The unfortunate situation of these parties is of their own election.    It was homemade; the result of their joint industry toward that end.    The trial judge was right in dismissing the bill.

· The decree is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.