DE VINEY *v.* DE VINEY.

DIVORCE — EXTREME CRUELTY—DIVORCE NOT WARRANTED WHERE BOTH PARTIES EQUALLY GUILTY.
  In a husband's suit for divorce on the ground of extreme cruelty, a decree in his favor is not warranted where the evidence shows that he was equally guilty with the wife.

Appeal from Wayne; Chester (Guy M.), J., presid-

Divorce, 19 C. J. § 219.

ing.    Submitted October 13, 1926.    (Docket No. 99.)
Decided January 3, 1927.

Bill by Fred F. De Viney against Katherine B. De Viney for a divorce.    From a decree for plaintiff, defendant appeals.    Reversed, and bill dismissed.

*Ellery C. Pengra,* for plaintiff.

*Don M. Harlan,* for defendant.

MCDONALD, J.    The defendant has appealed from a decree awarding the plaintiff a divorce on the ground of extreme cruelty.    The parties were married on the 28th day of September, 1896, and lived together except for occasional separations, until August 28, 1923. The bill charges that the defendant was of a jealous disposition; that she unjustly accused him of associating with other women; that she greatly humiliated and distressed him by the use of profane and indecent language in the presence of his family and friends; that she had a violent temper and frequently, without any provocation, called him vile names; that she threatened to kill him, and on several occasions assaulted him with various household weapons; that she often interfered with him in his employment, and in many other ways constantly annoyed and humiliated him.    To the bill of complaint the defendant made answer denying the charges, but filed no cross-bill for affirmative relief.    The court awarded the plaintiff a decree for divorce and required the defendant to pay him $5,000 out of property which she held in her name, but in which he claimed a joint interest.    From this decree the defendant has appealed.

An analysis of the large volume of testimony relative to the domestic troubles of these parties would serve no useful purpose.    We have read it carefully and are convinced that the circuit judge made no mistake

in finding that the defendant had been guilty of extreme cruelty. We are as strongly convinced that he should have made a like finding against the plaintiff. Their only child, a daughter, who was 26 years of age at the time of the hearing, and who seems to have been friendly to both parties, testified to numerous family disturbances in which the plaintiff was the aggressor. She said that on one occasion she heard her father and mother talking loudly in the kitchen. She heard her father say, "If you don't get out of here, I will cut your heart out with this butcher knife." She saw her mother running from the kitchen and the father following with a bread knife in his hand. During her flight, the mother picked up a flat iron and threw it at him. On another occasion she said:

"My father went out in the kitchen and started to hit my mother and I ran after her. The next thing I remember I was on the floor and the kitchen table was upturned. * * * My mother did not hit my father; my father went out to hit her; he was the aggressor and his arm knocked me on the floor. I suppose I knocked the table over when I fell, because I found myself seated between the four legs of the table. My mother was injured at that time, but I was not. I recall many occasions when assaults took place in the home. * * * On some of these occasions of these assaults, strong language has been used both by my father and mother."

The record shows that there was little of peace in this family. Both parties made substantial contribution to the domestic discord. She may have contributed more, but he did not fall far behind. He addressed her with the same vile epithets which she used towards him. He assaulted and beat her. He consorted with at least one other woman and in various other ways assisted the defendant in making their home a place of constant turmoil. The evidence is conclusive that he helped to create the situation of which he now complains. Though both might be

happier if a divorce were granted, it is not the purpose of the law to give relief to parties guilty of such misconduct. The language of Mr. Justice WIEST in *Vander Laan* v. *Vander Laan*, 228 Mich. 52, is very applicable to the situation of the parties in this case. He said:

"Their squabbles do not deserve to be detailed. We are satisfied plaintiff has been as guilty in the creation of their domestic turmoil as defendant. Through their joint efforts they have established a hatred toward one another which will be gratified, as far as plaintiff is concerned, if he obtains a divorce. They are both guilty. * * * The unfortunate situation of these parties is of their own election. It was homemade; the result of their joint industry toward that end."

A decree will be entered in this court dismissing the bill of complaint. The defendant will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.