GRAFF *v.* GRAFF.

1. DIVORCE—EXTREME CRUELTY — DECREE GRANTING HUSBAND DIVORCE JUSTIFIED BY EVIDENCE.

In husband's suit for divorce on the ground of extreme cruelty, where the wife filed a cross-bill also alleging extreme cruelty, evidence *held*, to justify the decree of the

---

[1]Divorce, 19 C. J. § 367.

court below dismissing the cross-bill and granting the husband a divorce.

2. SAME — INFANTS — CUSTODY OF INFANTS — STATUTES — CHILD'S WELFARE FIRST CONSIDERATION.

Although, in case of separation of the parents, the statute (3 Comp. Laws 1915, § 11484) favors leaving the custody of children of tender years with the mother, the first consideration is the child's welfare, and where the charges established against the wife in a divorce suit reflected on her moral character, the custody of a five-year old daughter was properly awarded to the husband.

3. SAME—DECREE MODIFIED TO PERMIT WIFE TO HAVE CHILD IN OWN HOME EACH WEEK.

Where a divorce decree awarded the custody of a five-year old daughter to the husband and provided that the wife might visit her at the home of the husband's sister, but it appears that there is bitter animosity between the two women, on appeal, that part of the decree awarding custody of the child to the husband is affirmed because of reflections on the wife's moral character, but it is modified to permit her to have the child in her own home on Saturday and Sunday of each week if she so desires.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 18, 1927.   (Docket No. 87.)   Decided January 3, 1928.

Bill by Guy W. Graff against Rena Belle Graff for a divorce.   From a decree for plaintiff, defendant appeals.   Modified and affirmed.

*Carpenter & Jackson,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

McDONALD, J.   The defendant has appealed from a decree of the circuit court of Muskegon county, granting the plaintiff a divorce and the custody of a minor child.   The parties were married in April, 1921, and lived together until July, 1926.   Two children were

[2]Divorce, 19 C. J. §§ 795, 799, 801; 41 L. R. A. (N. S.) 565; 9 R. C. L. 473; 2 R. C. L. Supp. 809; 5 R. C. L. Supp. 513; [3]Id., 19 C. J. §§ 797, 823.

born of the marriage, but the custody of one only is here involved. The bill alleges cruelty. The main charge is that the defendant neglected her home and associated with another man for whom she openly declared her preference and expressed her affection. In her cross-bill the defendant also charged cruelty, claiming that the plaintiff was quarrelsome, that he cursed her, called her vile names, ordered her from the home, and charged her with illicit relations with other men. On the hearing, the circuit judge determined that the testimony did not support her charges. He dismissed the cross-bill and entered a decree for the plaintiff for divorce and the custody of a minor child. The defendant has appealed.

Considerable testimony was taken on the hearing. It was mostly directed to the charge of the defendant's intimacy with a man named Stong, who at one time was a roomer in the home occupied by the parties. The defendant strenuously denies any improper interest in Mr. Stong, but on this element of the case the weight of the evidence is against her. The testimony of the plaintiff as to her social relations with Stong is strongly supported by that of several disinterested witnesses, including two officers of the Muskegon Heights police department. Their testimony is in no way discredited. It is unnecessary to detail it. In a case like this, we do not think it is wise to enter into any extended discussion of the facts. The circuit judge who saw the witnesses and heard them testify was convinced that much of the domestic discord of these parties was the result of the defendant's association with Mr. Stong. With his conclusions we agree. We are also convinced from our study of the record that while the plaintiff was not a model husband and was not always blameless in their domestic troubles his misconduct was not sufficient to constitute a legal ground for divorce. It is

our judgment that the evidence justified the court in dismissing the defendant's cross-bill and granting the plaintiff a decree.

The decree gives the custody of the child, an infant daughter about five years of age, to the plaintiff. The statute (3 Comp. Laws 1915, § 11484), favors leaving the custody of children of tender years with the mother. But as the charges, which we have held constitute legal grounds for divorce, reflect on her moral character, we cannot disturb the decree in respect to the custody of the child. Our first consideration is its welfare; but the maternal rights of the mother should not be overlooked. The child is now with the plaintiff in the home of a sister. The decree permits the defendant to visit it there. There is bitter animosity between this sister and the defendant. It is not reasonable to require the defendant to visit at this home. She is entitled to have her daughter alone with her in her own home where she can enjoy her society without restraint. As both of the parties reside in the same city, this can be accomplished without great inconvenience to either and would in no way affect the welfare of the child. In this respect the decree will be modified. The plaintiff will be required to deliver the child to the defendant at her home on Saturday morning of each week, where, at the defendant's option, it may remain until Sunday evening, when it shall be returned to the plaintiff.

We believe that the court made a reasonable allowance for permanent alimony and in that respect the decree will not be disturbed.

A decree will be entered in accordance with this opinion. Neither party will have costs in this court.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.