BECHTOL *v.* BECHTOL.

DIVORCE — DISMISSAL OF BILL AND CROSS-BILL — AFFIRMANCE BY
  EQUALLY DIVIDED COURT.
   Decree dismissing wife's bill and husband's cross-bill for divorce
     on ground wife was not in court with clean hands is affirmed
     by an equally divided court.

Appeal from Hillsdale; Taylor (Mark D.), J.
Submitted April 28, 1937. (Docket No. 93, Calendar
No. 39,385.) Decided June 29, 1937. Rehearing de-
nied September 1, 1937.

Bill by Bertha E. Bechtol against E. Calvin Bech-
tol for an absolute divorce. Cross-bill by defendant
for an absolute divorce. Bill and cross-bill dismissed.
Plaintiff appeals. Affirmed by equally divided court.

*Paul W. Chase* and *W. D. Grommon,* for plaintiff.

*Merton Fitzpatrick,* for defendant.

WIEST, J. I cannot lend judicial sanction to the
opinion of Mr. Chief Justice FEAD.
   That opinion overrules *Cowdrey* v. *Cowdrey,* 211
Mich. 305; *Hatfield* v. *Hatfield,* 213 Mich. 368; *Long*
v. *Long,* 217 Mich. 211; *VanderLaan* v. *VanderLaan,*
228 Mich. 52; *LeBlanc* v. *LeBlanc,* 228 Mich. 74;
*Legatski* v. *Legatski,* 230 Mich. 186; *Radzinski* v.
*Radzinski,* 234 Mich. 144; *DeViney* v. *DeViney,* 237
Mich 271; *Vardon* v. *Vardon,* 266 Mich. 341, and

many other opinions of this court to the effect that divorces are not a matter of course in this State and, when both spouses are guilty, neither will be white-washed; nullifies the letter and kills the spirit of the statute, 3 Comp. Laws 1929, § 12732; and destroys the clean hand principle of equity.

The scales of equity cannot be adjusted to measure degrees of culpability between erring spouses.

Chief Justice FEAD has aptly placed the man and I find the woman no whit better. The evidence is convincing that she was infatuated with an automobile salesman who lived across the line in Indiana. She visited him several times and did not return until late at night or early in the morning and, when he was sick, she visited his home until requested by the salesman's son not to come there any more. She accompanied the salesman to Detroit and Pontiac, ostensibly, to look at cars or to get cars and, on one occasion, remained away all night claiming she had left the salesman at Ypsilanti and she had spent the night at the Irish Hills. She admits that she was in a lonely barn lane entrance late at night with the salesman, and her admission was verified by two disinterested witnesses who said that she was sitting in her own car, under the wheel, with the salesman sitting in the car beside her and with his car parked a little farther down the lane toward the barn. This was claimed to be another occasion when he was trying to sell her an automobile. The salesman denied that occurrence.

She was evidently a woman of morbid views. She was 20 years younger than defendant, had been twice married before and defendant brought up and educated three of her children.

The evidence shows that both parties have been guilty of extreme cruelty.

I apply, as this court has always done, the following provision of the statute above mentioned:

"And no divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against the respondent."

The decree is affirmed. No costs.

North, Butzel, and Potter, JJ., concurred with Wiest, J.

Fead, C. J. Bill and cross-bill for divorce were dismissed. The court held that cause for divorce had been made out against defendant but denied plaintiff relief on the ground that she was not in court with clean hands. Plaintiff appeals.

The parties were married in 1920. Defendant is a physician, 64 years old, had been married before, had three children, two of whom were mature at the time of the marriage to plaintiff. Plaintiff is 44 years old, had been married twice before, had four children who were supported and educated by defendant. There were no children of this marriage. The parties lived at Montgomery, had a comfortable home and some of the luxuries of life. They got along together very well until about 1932, when plaintiff became friendly with an automobile salesman and defendant with a woman.

The misconduct of defendant is amply established by the testimony and no good would be served by setting up the details.

Plaintiff was indiscreet, but there was no proof of serious misconduct with the salesman. Some of the associations of which defendant now complains had his approval at the time. The families were friendly. Defendant knew and sanctioned trips taken by plain-

tiff and the salesman. It also appeared that plaintiff sometimes interfered in her husband's practice, as she should not have done. But, all in all, most of the complaints now made against her are by way of defense and were not of a character as did or would render the continuance of the marital relations intolerable to defendant. It was defendant's conduct which broke up the home.

We think plaintiff is entitled to decree of divorce.

The parties have a home and adjoining lot with defendant's office on it, at Montgomery, worth $3,700, title to which is held by the entireties; 11 cemetery lots at Detroit, and 5 lots at Ojibway, of uncertain but of little, if any, value; household furniture, office equipment, and a car. Defendant had book accounts ranging from 1896 to date, book value $20,000, real value problematical, estimated by defendant at $500 or less; notes for $8,000, also of uncertain value; and owes $1,100 on notes, signed also by his wife; his practice runs from $6,000 to $8,000 per year, but with no showing of deductible expense.

Plaintiff recognizes that it would be a serious disruption of defendant's practice if he did not continue to own the home and office. Plaintiff should have half the worth of the home, $1,850; the cemetery and Ojibway lots should be divided as nearly equally as possible; the household furniture should be divided as nearly equally as may be. In addition, plaintiff should have as permanent alimony $500 in cash, (payable at the rate of $50 per month) and, as costs, expense and attorney's fees, the $485 allowed by circuit court, with $300 in addition thereto. Plaintiff should have lien upon the home to secure the lump sum payments awarded.

The record does not permit us to work out the details of the decree. Defendant should have a reason-

able time in which to make the payments provided. The division of the lots and furniture may be most justly done after discussion by the parties. We feel that the matter can be best worked out by remanding to the circuit court for entry of decree in accordance with this opinion, with jurisdiction to fix details of division and payment, and to retain jurisdiction to enforce the decree. It should be so ordered.

BUSHNELL, SHARPE, and CHANDLER, JJ., concurred with FEAD, C. J.