### OWENS *v.* OWENS.

1. DIVORCE—QUESTION OF FACT—DE NOVO REVIEW.
   In suit for divorce where question of fact is presented as to whether cross-plaintiff husband was guilty of misconduct the same as charged by plaintiff wife, record is reviewed *de novo* by Supreme Court (3 Comp. Laws 1929, § 12732).

2. SAME—EXTREME CRUELTY—EVIDENCE.
   Record *held*, sufficient to support a decree of divorce to cross-plaintiff husband on ground of extreme and repeated cruelty

on part of wife in view of proof of her misconduct with other men but insufficient to show corresponding misconduct of husband with other women amounting to extreme cruelty (3 Comp. Laws 1929, § 12732).

3. SAME—EVIDENCE REVIEWED ON APPEAL.

While the Supreme Court ought not lightly to reverse a decree in a suit for divorce, where the trial judge has seen and heard the witnesses and has had the advantage of determining their credibility, nevertheless it is not relieved of exercising its own judgment in passing upon the evidence in the case.

4. SAME—EQUITY.

The fact that as a result of a decree of divorce an errant wife would be freed from the bonds of matrimony should not prevent the husband from obtaining a decree if his proofs are sufficient.

5. SAME—CUSTODY OF CHILDREN.

Where wife is shown to be an unfit person to have custody of 6-year-old child of the parties and husband is a fit person, custody is awarded to him by Supreme Court.

6. SAME—AWARD OF DECREE IN SUPREME COURT—RECORD—REMAND.

Where trial court denied divorce to either husband or wife and record is inadequate as to property matters, but Supreme Court awarded divorce to husband, case is remanded for taking of testimony and determination of property matters and to provide for custody and visitation of minor child as circumstances may indicate with authority to amend and add to the decree in such respects.

7. SAME—COSTS.

No costs are awarded husband upon granting him a decree of divorce on his cross bill on appeal.

Appeal from Genesee; Bishop (Clifford A.), J. Submitted October 8, 1947. (Docket No. 33, Calendar No. 43,824.) Decided December 3, 1947.

Bill by Vida J. Owens against Eugene Owens for divorce on ground of extreme and repeated cruelty. Bill withdrawn. Cross bill dismissed. Defendant appeals. Reversed, decree entered for defendant on

cross bill and case remanded for further proceedings.

*Sherman M. Bean,* for plaintiff.

*Milton G. Schancupp* (*Louis D. McGregor,* of counsel), for defendant.

BOYLES, J. Plaintiff filed a bill of complaint for divorce on the ground of extreme cruelty, alleging that the defendant had openly associated with another woman whose name would be disclosed to the court at the hearing. The defendant in his answer denied all charges of extreme cruelty and in a cross bill asked for a divorce, alleging that the plaintiff (cross-defendant) herself had been guilty of extreme cruelty by clandestine associations with other men. Neither one expressly charged the other with adultery.

At the hearing, the plaintiff with the consent of the defendant withdrew her bill of complaint and the proofs were taken on the cross bill. At the conclusion, the court entered a decree that "cross-plaintiff herein has been guilty of the same crime or misconduct with which cross-defendant herein is charged," and dismissed the cross bill. The defendant (cross-plaintiff) appeals.

The question which controls decision is one of fact, whether the record shows the cross-plaintiff to have been guilty of misconduct the same as charged by the cross-plaintiff in his cross bill. To determine the outcome we are required to review the record *de nóvo,* and perforce have done so. It readily discloses why the plaintiff chose to withdraw her bill of complaint. Cross-plaintiff, to prove the allegations of misconduct made against the

plaintiff, cross-defendant, in his cross bill, showed that the cross-defendant said she couldn't live with him any longer, that she would have to have younger company, that he was too old for her. At the time of their marriage in 1940, she was 18 years of age, he 37. She proceeded to carry her intentions into effect. The salacious details of her affairs resulting from such decision are amply disclosed by the record, and need not be contained in an opinion. It is sufficient to say that as to her misconduct with other men, the cross-plaintiff proved a plenty.

3 Comp. Laws. 1929, § 12732 (Stat. Ann. § 25.90), declares that "no divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against the respondent."

The circuit judge in denying a divorce to cross-plaintiff apparently had in mind the foregoing statutory provision although making no express reference to it. The appellant, cross-plaintiff, claims that the trial court misconstrued the statute, and that the evidence does not support the conclusion reached by the court.

Essentially, the claim of misconduct against the cross-plaintiff seems to rest in his connection with or interest in a 22-year-old unmarried woman, a friend of both parties. It revolves around events occurring at a summer cottage near Oscoda. Plaintiff and defendant and the aforesaid woman were spending a vacation there at the invitation of the owner. The witnesses are considerably at variance as to what occurred. At the most, it was shown that the cross-plaintiff and the woman friend had spent one evening until about 11 o'clock, alone in the dark, down on the beach. Both of them were sworn and emphatically denied that there was any impropriety in their conduct on that occasion. There was no proof to the contrary. They further testified that

this beach walk took place in the afternoon and that they returned to the cottage before dark. There was testimony to the effect that the owner of the cottage, who placed this event in the evening, had said he was going to help the plaintiff get a divorce. Anyhow, on the return of cross-plaintiff and this woman to the cottage, the owner of the cottage told cross-plaintiff that he would have to take her back home, that she could not stay there. This the cross-plaintiff proceeded to do, taking her home, 150 miles, in his automobile, without a chaperon. Both denied any impropriety on this return trip, or at any other time. There was testimony that this woman was invited by the plaintiff herself to accompany them on their vacation, and to accompany the cross-plaintiff on other occasions.

In a critical examination of this record we find nothing to prove any such misconduct on the part of the cross-plaintiff as that charged and proven by him against the cross-defendant. The only misconduct alleged against the cross-plaintiff is in his acquaintance or companionship with the 22-year-old woman referred to. Minds may differ as to whether they were guilty of immoral conduct, but there is no proof, except by inference or innuendo, that they were guilty of any misconduct or immorality on the four or five occasions when they were shown to have been together. There is no proof of any other act or conduct on the part of the cross-plaintiff amounting to extreme cruelty.

"While the Supreme Court ought not lightly to reverse a decree in a suit for divorce, where the chancellor has seen and heard the witnesses, and has had the advantage of determining their credibility, nevertheless it is not thereby relieved of the duty of exercising its own judgment in passing upon the evidence in the case." *Tiffin* v. *Tiffin* (syllabus), 209 Mich. 232.

"On appeal from decree dismissing husband's bill and wife's cross bill for divorce, where testimony is such .that Supreme Court would have reached a different result had it occupied the position of the trial court and wife's testimony does not sustain material allegations of her cross bill nor entitle her to a divorce but evidence does establish ample ground for granting divorce to husband because of extreme cruelty, divorce is awarded husband." *Kennedy* v. *Kennedy* (syllabus), 302 Mich. 491 (143 A. L. R. 617).

The trial judge expressed himself in no uncertain terms that the plaintiff, cross-defendant, was not a fit person to have the custody of their minor child. It is quite probable that the reluctance of the trial court to grant a divorce to cross-plaintiff was due to the fact that as a result of such a decree the plaintiff herself would likewise be freed from the bonds of matrimony. However, such a result should not prevent cross-plaintiff from obtaining a decree if his proofs are sufficient.

A decree of divorce for the cross-plaintiff on his cross bill may be entered in this Court. The testimony shows that the plaintiff is an unfit person to have the custody of their 6-year-old child, and that the cross-plaintiff is a fit person; and the decree will grant the custody to the cross-plaintiff. Inasmuch as the record is inadequate as to property matters, the decree will provide that the case be remanded for the taking of testimony and a determination of property matters, with authority to amend and add to the decree in that respect; and also to include or amend the decree as to custody or right of visitation of the minor child as circumstances may indicate; and for enforcement thereof. Under the circumstances, no costs awarded.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.