SOVEREIGN *v.* SOVEREIGN.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

   Finding of trial court that husband was guilty of extreme cruelty constituting grounds for divorce, albeit of so much less a serious nature than conduct of wife, is affirmed insofar as finding it did constitute grounds for divorce.

2. SAME—RECRIMINATION.

   The requirements for invoking the doctrine of recrimination in a suit for divorce are (1) the misconduct relied upon by way of recrimination constitutes a legal cause for divorce; (2) that it be the actual cause of the marital discord; and (3) the misconduct complained of is not excusable as having been provoked or brought about by the party asserting the plea.

3. SAME—MISCONDUCT OF BOTH PARTIES.

   Conduct of defendant husband which constituted legal grounds for divorce, was an actual cause of the marital discord and not excusable as having been provoked or brought on by plaintiff who was herself guilty of misconduct which may have been occasioned by that of defendant, precluded granting of decree to husband (CL 1948, § 552.10).

4. SAME—ATTORNEY FEE—COSTS.

   Provisions of decree relative to payment of plaintiff wife's attorney fee and costs in trial court are affirmed, notwithstanding decree of divorce to husband is reversed on appeal, the wife's attorney being awarded an additional amount for services in connection with the appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 17 Am Jur, Divorce and Separation § 233 *et seq.*
[4] 17 Am Jur, Divorce and Separation § 562 *et seq.*

Appeal from Saginaw; Dehnke (Herman), J., presiding. Submitted June 12, 1956. (Docket No. 55, Calendar No. 46,853.) Decided December 6, 1956.

Bill by Mary K. Sovereign against Will F. Sovereign for divorce. Decree granted on defendant's cross bill. Defendant appeals in respect to custody of minor child and property allowances. Plaintiff cross-appeals. Reversed and decree ordered dismissing bill and cross bill.

*Irving M. Hart (Walter Martin,* of counsel), for plaintiff.

*Poppen, Street & Sorensen (Harold M. Street,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff filed her bill for divorce charging defendant with extreme cruelty in that he neglected her, was constantly away from home and plaintiff, refused to join her in social life and developed an unusual peculiarity in his home life which caused plaintiff to suffer nervous breakdowns. With respect to the latter charge, she claimed, in effect, that he was a sex pervert, given to inflicting abnormal sexual practices on her. The court found plaintiff's charges in that connection true. Defendant filed a cross bill charging plaintiff with extreme cruelty and adultery. The court, while declining to find plaintiff guilty of adultery, did find her guilty of an infatuation and continual misconduct and indiscretions in associations with another man. The court concluded that while both parties were guilty of extreme and repeated cruelty which caused their marital troubles, conduct constituting ample grounds for divorce, the acts committed by defendant were of a less serious kind and nature than those committed

by plaintiff and that, therefore, defendant was entitled to and he was granted a divorce.

Being dissatisfied with the provisions of the decree relating to child custody and property settlement, defendant appealed. Plaintiff cross-appealed, contending *inter alia* that no divorce should have been granted.

On appeal plaintiff, relying on the provisions of CL 1948, § 552.10 (Stat Ann § 25.90), urges that when both parties are found guilty of extreme and repeated cruelty sufficient to constitute grounds for divorce neither party may be granted a decree on the basis of comparative extreme cruelty. In that position she is supported by cases cited by her as follows: *Hoff* v. *Hoff*, 48 Mich 281; *Kellogg* v. *Kellogg*, 171 Mich 518; *Hatfield* v. *Hatfield*, 213 Mich 368; *Vander Laan* v. *Vander Laan*, 228 Mich 52; *Legatski* v. *Legatski*, 230 Mich 186; *Rice* v. *Rice*, 239 Mich 686; *Terrell* v. *Terrell*, 317 Mich 49; and *Kuhfal* v. *Kuhfal*, 318 Mich 105. See, also, opinion of Mr. Justice WIEST in *Bechtol* v. *Bechtol*, 280 Mich 606, and cases therein cited.

Defendant counters with the argument that the proofs do not substantiate the court's finding that defendant was guilty of conduct constituting, under all of the facts of the case, extreme cruelty and grounds for divorce. An examination of the record does not satisfy us that, had we been in the trial court's position, we would have found otherwise than it did as to the facts in that regard.

In its conclusion that a decree might properly be awarded defendant because, as the court viewed it, plaintiff's cruelty to defendant was far greater than his cruelty to her, the trial court felt that it was supported by *Graff* v. *Graff*, 241 Mich 302; *Stuart* v. *Stuart*, 311 Mich 30; *Trombley* v. *Trombley*, 313 Mich 80; *Owens* v. *Owens*, 319 Mich 285; and *Boter* v. *Boter*, 338 Mich 187. *Graff* is distinguishable from

the instant case in that this Court there found that while plaintiff was not a model husband nor always blameless in the domestic troubles, his conduct was not sufficient to constitute a legal ground for divorce and, therefore, he was entitled to a divorce because of the wife's extreme cruelty. In *Stuart* we said that while the wife's conduct was not approvable in being in the company of other men, it was not sufficient to prevent her being awarded a decree. It seems clear that in that case it was the view of this Court that she was not shown to have been guilty of misconduct amounting to grounds for divorce. In *Trombley* both spouses were guilty of quarrelsomeness and use of abusive and profane language to each other. The husband was also shown to have beaten his wife, burned her clothing, driven her daughter from the home and conducted himself improperly with other women. This Court said that although the wife was not without fault, her actions were provoked by her husband's abusive treatment and that, because she had not been guilty of the more serious charges of misconduct of which the court found the husband guilty, namely beating and abusing his spouse and conducting himself improperly with members of the opposite sex, she was entitled to a divorce. In *Owens* the husband was allowed a divorce on the ground of the wife's misconduct with another man after this Court held, in effect, that the proofs did not substantiate her charges against the husband of misconduct with other women. In *Boter* we allowed the husband a divorce even though he was not entirely blameless; but analysis of the opinion in that case, in which we distinguished it from *Garb* v. *Garb,* 328 Mich 305, leads to the conclusion that it was the view of this Court that the husband was not guilty of conduct amounting to grounds for divorce. None of these cases is authority for the trial court's disposition of the case

at bar.  We think the defendant, in his brief, properly sets up the requirements for invoking the doctrine of recrimination as being (1) that the misconduct relied upon by way of recrimination constitutes a legal cause for divorce; (2) that it be an actual cause of the marital discord; and (3) that the misconduct complained of not be excusable as having been provoked or brought about by the party asserting the plea.  Applied here, defendant's conduct, found as a matter of fact by the court, constituted legal grounds for divorce, was an actual cause of the marital discord and was not excusable as having been provoked or brought on by plaintiff.  The misconduct of both related to their sex life, was of a kind, and that of plaintiff may have been occasioned, in a measure, by that of defendant.  Under such circumstances the statute and former decisions of this Court stand as a barrier to awarding a decree of divorce to him.

Decree below and order amending it are reversed. Decree may enter here dismissing the bill and cross bill and requiring defendant to pay plaintiff's attorney the $2,250 fee and $450 costs provided for in the decree below, if not already paid by him, together with an additional $750 fee for services in connection with this appeal.

Sharpe, Smith, Edwards, Boyles, Kelly, Carr, and Black, JJ., concurred.