## KIRSTEIN v. KIRSTEIN.

1. DIVORCE—DE NOVO REVIEW—APPEAL AND ERROR.
   Divorce cases are heard *de novo* on appeal.

2. SAME—SEPARATE MAINTENANCE—DE NOVO REVIEW—RECRIMINA-
   TION.
   Order of the trial court dismissing plaintiff's complaint for separate maintenance and defendant's cross-complaint for absolute divorce *held,* proper, where a *de novo* review of the entire testimony establishes that both parties were guilty of misconduct constituting legal grounds for the relief sought, since, under the circumstances, their conduct was recriminatory, requiring that both be denied relief.

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 March 2, 1967, at Lansing. (Docket No. 2,485.)   Decided July 10, 1967.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 868.
[2] 5 Am Jur 2d, Appeal and Error § 868.
   24 Am Jur 2d, Divorce and Separation §§ 226, 234–236.

Sylvia Kirstein filed a complaint for separate maintenance against Joseph G. Kirstein who filed a cross-complaint for a divorce from the bonds of matrimony. Both complaints were dismissed by the trial judge on the basis that both plaintiff and defendant were guilty of recrimination. Both parties appeal. Affirmed.

*Bellinson & Doctoroff,* for plaintiff.

*Mark Friedman,* for defendant.

T. G. KAVANAGH, P. J. On May 10, 1965, plaintiff filed her complaint for separate maintenance alleging extreme cruelty on the part of defendant. The defendant responded, denying her allegations, and filed a cross-complaint for divorce, also charging extreme cruelty.

At the trial of this cause, the only witnesses before the court were the parties themselves. The court, finding the conduct of both parties to have been disruptive of the marriage relationship, dismissed defendant's cross-complaint for divorce and plaintiff's complaint for separate maintenance.

Plaintiff, on appeal, claims that defendant's basis for his cross-complaint was that plaintiff interfered in his business and asserts that this alone does not constitute extreme cruelty or grounds for divorce and maintains the trial court erred in finding the actions of the parties recriminatory.

At the conclusion of proofs, in an oral opinion delivered from the bench, the trial judge found misconduct by each party and termed it recriminatory. The use of this term contemplates a finding that such misconduct constitutes legal grounds for relief. See *Sovereign* v. *Sovereign* (1956), 347 Mich 205.

It is difficult, however, to reconcile his opinion from the bench with the order which the court entered. The order reads in part, after providing for dismissal of the complaint and cross-complaint:

"Neither party having presented competent evidence in support of their complaint, and plaintiff did not present sufficient proof to support an order of separate maintenance, and further defendant did not present sufficient proof to justify an order of divorce."

We have reviewed all the testimony below, as we must, *de novo, Fish* v. *Fish* (1966), 4 Mich App 104. We find misconduct on the part of plaintiff and defendant that does constitute legal grounds for the relief each seeks. Under this circumstance, since their actions are recriminatory, both must be denied relief.

The order of the trial court dismissing the complaint and cross-complaint is hereby affirmed. Appellee may tax costs.

McGREGOR and QUINN, JJ., concurred.