NICKEL *v.* NICKEL.

1. DIVORCE—SEPARATE MAINTENANCE—DE NOVO REVIEW—EVIDENCE.
   A divorce or separate maintenance action is heard *de novo* on appeal, and while it is the duty of the Court of Appeals to weigh the evidence and reach an independent conclusion, it should not reverse the judgment of the trial court unless convinced that it would have reached a different conclusion had it occupied the position of the trial court under like circumstances, giving consideration to the obvious advantage of the trial court in seeing and hearing the parties and their witnesses.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 703, 882.
[2] 24 Am Jur 2d, Divorce and Separation § 228.
[3] 24 Am Jur 2d, Divorce and Separation § 32 *et seq.*
[4, 5] 24 Am Jur 2d, Divorce and Separation § 226 *et seq.*

2. SAME—SEPARATE MAINTENANCE—EVIDENCE—COMPARATIVE GUILT.

Comparative guilt justifies the granting of divorce or separate maintenance only when the guilt of one party so outweighs the guilt of the other as to justify the grant of such relief.

3. SAME—SEPARATE MAINTENANCE—PHYSICAL CRUELTY—MENTAL CRUELTY.

Mental or physical abuse, sufficiently aggravated, is reason for the granting of divorce or separate maintenance.

4. SAME—SEPARATE MAINTENANCE—RECRIMINATION.

Neither party is entitled to a judgment of divorce or separate maintenance where the record establishes that each is guilty of recrimination (CL 1948, § 552.10).

5. SAME—SEPARATE MAINTENANCE—STATUTES—RECRIMINATION.

Dismissal of complaint for divorce and counterclaim for separate maintenance *held*, proper, where record demonstrates that both parties were guilty of extreme cruelty toward each other in a substantial degree, since the statute prohibits a severance of the marriage bond where each party is guilty of the same misconduct (CL 1948, § 552.10).

Appeal from Wayne; Wise (John M.), J. Submitted Division 2 June 6, 1967, at Lansing. (Docket No. 880.) Decided December 7, 1967. Leave to appeal denied February 22, 1968. See 380 Mich 759.

Complaint by Stewart Newman Nickel against Violet Mae Nickel for absolute divorce. Counterclaim by defendant for separate maintenance. Both complaint and counterclaim were dismissed. Defendant appeals. Affirmed.

*Ivan E. Barris,* for plaintiff.

*Berry, Hopson & Francis (Edward T. Kelley,* of counsel), for defendant.

McGREGOR, J.   Plaintiff-husband, a physician, brought this suit for divorce on the grounds of extreme cruelty.   The defendant-wife, a biochemist, filed a counterclaim, seeking separate maintenance on the same grounds.   After approximately 15 days of hearing, the trial court dismissed both actions because it found that neither party was so free of fault as to be entitled to relief.   *Godfrey* v. *Godfrey* (1956), 347 Mich 130.   Defendant appeals the dismissal of her counterclaim.

It is unnecessary to relate the myriad allegations and counter-allegations of extreme cruelty.   It is sufficient to state that upon a thorough reading of the voluminous transcript, it is established that the trial court's finding of extreme cruelty on the part of both parties is correct.

A divorce or separate maintenance case is heard *de novo* by this Court, and it is our duty to weigh the evidence and reach an independent conclusion. However, we should not reverse unless convinced that we would have reached a conclusion different from that of the trial court, had we occupied the position of that court under like circumstances, with the obvious advantage of seeing and hearing the parties and their witnesses.   Applying the rule of compared fault found in *Boter* v. *Boter* (1953), 338 Mich 187, the comparative guilt of one does not sufficiently outweigh the other to justify a judgment of divorce or a judgment of separate maintenance. Mental or physical abuse, if sufficiently aggravated, is reason for legal relief, and the record abounds with evidence thereof by both parties.   Their conduct is recriminatory and bars relief.   The irreconcilable testimony shows little left of the essential elements of a workable marriage, *i.e.*, communication, understanding, respect, tenderness, tolerance, and a sense of humor.   Even if the trial court

refused to apply the rule of comparative fault, a careful reading of the transcript fails to show that such refusal was error. From the record, it is apparent that both parties are *in pari delicto, i.e.,* guilty of extreme and repeated cruelty, at least in a substantial degree toward the other, and under Michigan's present divorce laws, neither is entitled to a severance of the marriage bond.

Since both parties were guilty of extreme cruelty, it follows that the dismissal of both actions was mandatory. CL 1948, § 552.10 (Stat Ann 1957 Rev § 25.90). *Sovereign* v. *Sovereign* (1956), 347 Mich 205. See, also, *Gundry* v. *Gundry* (1965), 1 Mich App 475; *Kirstein* v. *Kirstein* (1967), 7 Mich App 316.

Affirmed. Costs to appellee.

QUINN, P. J., and J. H. GILLIS, J., concurred.