## FEE v. FEE.

1. DIVORCE—MISCONDUCT OF BOTH PARTIES.

   A divorce will not be granted if the complaining party is guilty of the same misconduct charged against the other party, but if one of the parties is guilty of misconduct which is not sufficient ground for divorce, that party may have a judgment of divorce (CL 1948, § 552.10).

2. SAME—CUSTODY OF CHILDREN—STATUTORY PREFERENCE.

   The statutory preference in favor of maternal custody of children under the age of 12 years may be overcome by evidence that the mother is carrying on an illicit affair before the eyes of the children (CL 1948, § 722.541).

3. SAME—HOME OF THE PARTIES—INVESTIGATION—FRIEND OF THE COURT.

   The only investigation of the home of the parties which may be properly made in a divorce action is the investigation by the friend of the court.

4. SAME—HOME INVESTIGATION—REPORT—COPY TO PARTIES.

   A copy of the friend of the court report of his investigation of the homes of the parties in a divorce action should be given to any party who requests one and either party should be permitted to submit evidence to contradict adverse findings in the report.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 172, 173, 226, 228, 229.
[2] 24 Am Jur 2d, Divorce and Separation § 788.
[3–5] 24 Am Jur 2d, Divorce and Separation § 793.
   Consideration of investigation by welfare agency or the like in making or modifying award as between parents of custody of children. 35 ALR2d 629.

5. SAME—FRIEND OF THE COURT REPORT—COPY—USE.

    Investigation caused to be made by the court on its own motion
        in a divorce action, the findings of which were incorporated
        in the court's opinion in granting divorce to the husband, was
        not procedurally proper if it was not made by the friend of the
        court, but does not constitute reversible error where the party
        investigated did not ask for a copy of the results of the in-
        vestigation and did not challenge the accuracy of the findings,
        and where testimony before the court viewed by itself supports
        the decision of the court granting divorce to the other party,
        the results of the investigation being merely corroborative.

Appeal from Hillsdale, McIntyre (Robert W.), J.
Submitted Division 2 November 9, 1967, at Lansing.
(Docket No. 3,558.)   Decided June 3, 1968.

Complaint by Doris F. Fee against Judson D.
Fee for divorce.   Counterclaim by Judson D. Fee
against Doris Fee.   Judgment of divorce on coun-
terclaim and custody of minor children awarded to
Judson D. Fee.   Plaintiff appeals.   Affirmed.

*Baker & Durst,* for plaintiff.

*Emil M. Fry,* for defendant.

T. G. KAVANAGH, P. J.   After a marriage lasting
a little over 8 years Doris F. Fee sued Judson D.
Fee for divorce.   She was given temporary custody
of the parties' four minor children but after a hear-
ing on the complaint and cross-complaint a decree
was entered awarding the judgment of divorce to
Judson Fee and also awarding him permanent cus-
tody of the children.

This appeal asserts the trial court erred in grant-
ing a divorce to Judson Fee because he was guilty
of the same acts constituting grounds for divorce
(extreme cruelty) as those alleged against him; that
the evidence will not support a finding that the

mother was unfit to have custody of the children and hence the court erred in awarding their custody to the father; and that the court relied on extra-record information in determining the appellant's fitness.

As regards the first claim of error, it is indeed the rule in Michigan that no divorce shall be decreed where the party complaining is guilty of the same misconduct charged against the defendant. CL 1948, § 552.10 (Stat Ann 1957 Rev § 25.90). This means that in the instant case if both parties are guilty of such extreme cruelty as to constitute grounds for divorce, neither party may be granted a divorce. See *Sovereign* v. *Sovereign* (1956), 347 Mich 205. However, the fact that appellee Judson Fee might have been guilty of some misconduct, which would not constitute grounds for divorce, is not enough to deprive him of a decree for divorce. See *Owens* v. *Owens* (1947), 319 Mich 285, and *Boter* v. *Boter* (1953), 338 Mich 187. The trial court below found that appellant, Doris Fee, was guilty of such extreme cruelty as to sustain appellee's cross-action for divorce, and further found that appellee was not guilty of extreme cruelty. After a review of the record we are satisfied that the findings of the court are correct.

We further hold that the court below was correct in determining that the statutory preference in favor of maternal custody of children under the age of 12 (CL 1948, § 722.541 [Stat Ann 1957 Rev § 25.311]) had been overcome by the evidence. Even though the children may have been adequately clothed and fed, the evidence established that Doris Fee had been carrying on an illicit affair before the eyes of her children and accordingly we refuse to say that the trial court's judgment that she was not a fit person to have custody of the children or that

their best interest required that their custody be awarded their father was erroneous. See *Ziontz* v. *Ziontz* (1949), 324 Mich 155 and *Magarell* v. *Magarell* (1950), 327 Mich 372.*

Appellant's final claim of error is that it was improper for the court to rely upon the results of an extra-record investigation in making its determination that appellant was not a fit person to have custody of her children. The following portion of the court's opinion is pertinent.

"The court *sua sponte* caused an investigation to be made following the New Year's holiday and the result of that investigation indicated that Doris Fee had a party in her home which lasted until 4:30 in the morning. Present at the party among other persons was the corespondent Jerry LeFevre who was seen staggering from the home at about 4:30 in the morning with bottles of beer in his hands. The investigation revealed that at least some of the children of the parties were up and about during the course of this affair. This last item taken together with all of the testimony of this cause indicates strongly to the court that Doris Fee values her present mode of living and her present associates more closely than she does the children. This is the reason that the court will vest custody of the minor children of the parties in the father Judson D. Fee."

The court's opinion does not apprise us of who conducted the investigation. While we recognize that in divorce proceedings it is customary for the office of the friend of the court to make an investigation of the home situation of the parties, and to submit a written report to the judge, there is nothing in this record to indicate whether the court is referring to a friend of the court investigation or

---

* See CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311) for statutory authority for the trial court's disposition of plaintiff's interest.

some other investigation. We do not approve of the procedure followed by the court below.

The only investigation which may properly be made is the one by the friend of the court. After the report has been filed, a copy should be given to any party who requests one and either party should be permitted to submit evidence to contradict adverse findings in the report.

In the case at bar, however, appellant Doris Fee apparently did not ask for a copy of the results of the investigation, and she does not challenge the accuracy of the findings. Although we disapprove of the court's procedure, we do not find any reversible error. The testimony before the court, viewed by itself, supports the decision of the court. The results of the investigation are merely corroborative of the evidence and they supply nothing new.

Affirmed, with costs to appellee.

FITZGERALD and MCGREGOR, JJ., concurred.