HARTER *v.* HARTER.

1. DIVORCE—EVIDENCE.
   Finding of trial court that neither of the parties to suit for divorce had exerted the necessary effort required to live harmoniously with the other and, hence, that neither was entitled to a divorce is not disturbed under record presented, especially in view of the fact that there are 2 young children (CL 1948, § 552.10).

2. SAME—COSTS.
   No costs are awarded where both parties have appealed from decree denying divorce and decree is affirmed.

Appeal from St. Joseph; Andrews (Mark S.), J. Submitted January 4, 1956. (Docket No. 20, Calendar No. 46,640.) Decided March 1, 1956.

Bill by John Harter against Pauline Harter for divorce, custody of children and property settlement. Cross bill by defendant for similar relief. Bill and cross bill dismissed. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Robert E. A. Boyle,* for plaintiff.

*J. Paul Wait,* for defendant.

SMITH, J. John and Pauline Harter were married in Colon, Michigan, on January 23, 1949. There

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 897.
[2] 14 Am Jur, Costs § 92.

are 2 children of the marriage, a boy, John, Jr., 5 years of age, and a daughter, Coral Ann, 3. For a time after their marriage, this young couple lived with her people, but eventually they purchased their own home. One of the reasons for this was that their marriage had had more than its share of trouble almost from the start, and the purchase of the home was part of the effort to solve their marital problems. "I never did like using other people's furniture and stuff," testified Mrs. Harter. The effort was only partially successful. Other troubles ensued. We have charges and countercharges. Thoughtless or malicious words, once issuing, have not been allowed to rest but have been returned, with ample interest. The lash of ridicule has not been spared. The wife and mother has left the home thrice; twice she has returned. There seems to have been little of mutual trust, of common effort, of forbearance or real forgiveness. Finally, on June 28, 1954, John Harter filed a bill of complaint for divorce. He charged his wife with bad language, violent rages, abuse of children, occasional association with persons of questionable repute, and lack of desire for the marriage relationship. (There is no charge of desertion.) All of this she denied, substantially, coupling with her denials her cross bill, in which he is charged with jealousy, name calling, with questioning the paternity of the children, with attempting "to set her children against her" and with arbitrary rule of the household. His denials followed in due course. Each asked for divorce and each asked for custody of the children.

So much for the charges. The hearing was had. John testified at length of his trials, and no doubt they were manifold. His testimony was corroborated in essential parts by that of his mother. Plaintiff thereupon rested. Pauline Harter testified as to her charges, and her defenses to his charges, and

her testimony was corroborated essentially by that of her father. His testimony is in violent disagreement with that of John's mother. One Elizabeth Dunkelberger also testified in Pauline's behalf, and, if she is telling the truth (which John denied) the language employed by him in addressing her, even in the presence of company, lacked both refinement and grace. Mrs. Harter was somewhat stout for a time and disparaging references by him to this circumstance seem to have taken the place of any mutually-encouraged remedial measures. We see no good to be accomplished by a detailed recital of what was said and what was done. As Justice WIEST observed in a somewhat similar situation (*Hatfield* v. *Hatfield,* 213 Mich 368, 369): "A discussion of the testimony would be of benefit to no one." We have, however, considered it all *de novo* and we are constrained to the conclusion reached by the trial chancellor, whose opinion we adopt in substantial part:

"Both parties testified as to acts claimed to have been committed by the one against the other. The testimony revealed that both used improper language toward each other, some of which was in the presence of their minor children. On at least 3 different occasions a separation has occurred. On 2 occasions a reconciliation was effected, apparently because of the children of the parties.

"The court is of the opinion that each of the parties has been guilty of improper conduct toward the other and not infrequently each has used the children in an effort to gain some advantage over the other party. Neither has demonstrated the proper regard for the children who are the innocent victims of this unfortunate situation.

"On the occasion of 1 of the earlier separations when the husband asked his wife to return, she stated that if he would buy a home she would be a better wife. A home was acquired in the summer of 1950,

and the family apparently lived in it until the wife left approximately 4 years later. Exhibits 1 and 2 are photographs of the exterior of this home, which reveal a small, neatly-kept dwelling.

"While the parties lived together, the wife was somewhat overweight which was 1 of the underlying reasons for quarreling and dissension, it appearing that the wife was sensitive about her weight and the husband ridiculed her concerning it. At the trial it appeared that she had materially reduced her weight, and it is probable that if she had done so sooner, the parties could have lived together more compatibly. The court is satisfied that neither of the parties has exerted the necessary effort required to meet the individual responsibility of each, one to the other.

"The court is of the opinion that each of the parties provoked the discord in the home, that both are guilty of the same faults, and consequently the statute, CL 1948, § 552.10 (Stat Ann § 25.90), prohibits a decree of divorce to either."

When the trial court, as here, after observing the parties involved and listening to their troubles is of the opinion that fault is equally divided and that divorce is not a permitted solution under the statute, we are loath to pick a guilty party and sever the relationship on a record so evenly balanced as that before us. Nor are we insensitive to the trial court's observation that "neither of the parties has exerted the necessary effort" required to live harmoniously with the other. In view of the ages of John, Jr., and Coral Ann such exertions would seem demanded by the most rudimentary considerations of conscience.

Affirmed. No costs.

DETHMERS, C. J., and SHARPE, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.